OPINION
Appellants Discount Fireworks, Inc. and Wholesale Fireworks III, Inc. appeal a judgment of the Stark County Common Pleas Court dismissing their complaint for attorney fees incurred in a successful appeal to the Board of Building Appeals from an order issued by appellee Edward Stetz, in his capacity as Building Inspector:
 ASSIGNMENTS OF ERROR:
I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S 12(B)(6) MOTION TO DISMISS PLAINTIFF-APPELLANTS' CLAIMS FOR ATTORNEYS FEES UNDER R.C.2335.39.
II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S 12(B)(1) MOTION TO DISMISS PLAINTIFFS-APPELLANTS' CLAIMS FOR ATTORNEY FEES UNDER R.C.2335.39, FOR LACK OF SUBJECT MATTER JURISDICTION.
III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS PLAINTIFFS-APPELLANTS' CLAIMS FOR ATTORNEY FEES PREMISED UPON DEFENDANT-APPELLEE'S BAD FAITH.
On May 29, 1998, appellee, acting as a building official from the Stark County Building Department, issued adjudication orders against appellants for maintaining an unsafe building. Appellants filed a Notice of Appeal, and requested a hearing. A hearing was held in Akron on August 21, 1998, and a second hearing was held in Columbus on October 15, 1998. At the October 15, 1998 hearing, the Board of Building Appeals reversed the adjudication orders. Appellants filed a separate action in the Stark County Common Pleas Court seeking attorney fees pursuant to R.C. 2335.59, and based on the common law doctrine of bad faith. Appellee moved to dismiss the complaint pursuant to Civ.R. 12(B)(6) and (B)(1). The court dismissed the complaint.
 I.
Appellants argue that the court erred in dismissing their complaint pursuant to Civ.R. 12(B)(6). Appellants specifically claim that because the Stark County Building Department could extend its authority to municipal corporations outside of Stark County by contracting with such corporations, the Building Inspector is a state actor as defined in R.C. 2335.39. To dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear from the face of the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242. We review a trial court's ruling on a motion to dismiss as a question of law, independently of the trial court's decision. Shockey v. Fouty (1995),106 Ohio App.3d 420, 424. In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint are true, and make all reasonable inferences in favor of the non-moving party. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144. R.C. 2335.39(B)(1) provides in pertinent part: (B)(1) Except as provided in divisions (B)(2) and (F) of this section, in a civil action, or appeal of a judgment in a civil action, to which the state is a party, or in an appeal of an adjudication order of an agency pursuant to section 119.12 of the Revised Code, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal. . . .
Appellants did not plead facts sufficient to state a claim for attorney fees pursuant to this section. R.C. 2743.01 defines "state:" (A) "State" means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the office of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio. "State" does not include political subdivisionS. (B) "Political Subdivisions" means municipal corporations, townships, counties, school districts, and all other bodies corporation and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches.
It is apparent from the statutory definition that the Stark County Building Department is not a state agency, but rather a political subdivision. Although appellants now attempt to argue for the first time that the building inspector may be a state actor under certain circumstances pursuant to contract, appellants did not plead that the building inspector was acting as a state actor in the instant case. In addition, it is apparent from the face of the complaint that the action is not an appeal of an adjudication order of an agency pursuant to R.C. 119.12. Assuming arguendo that the building department is an agency as contemplated by R.C.119.12, the statute requires that a prevailing party desiring an award of compensation for fees, file a motion with the agency within thirty days after the date of the order of the agency. Again, appellant did not plead facts demonstrating exhaustion of administrative remedies, which would entitle appellants to seek relief in the Court of Common Pleas. The first Assignment of Error is overruled.
 II.
The standard to apply for a dismissal pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction is whether the plaintiff has alleged any cause of action which the court has authority to decide. McHenry v. Industrial Commission (1990), 68 Ohio App.3d 56, 62. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion, a court is not confined to the allegations of the complaint, and may consider material pertinent to such inquiry without converting the motion into one for summary judgment. Southgate Development Corp. v. Columbia Gas Transmission Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus. R.C. 119.092 provides a statutory remedy for the award of attorney fees at the administrative level. Under the statute, a party who successfully appeals a decision of an agency to another administrative body empowered to hear such appeals, may apply to that body for attorney fees. If denied fees at the administrative level, the party may then appeal the denial to the Common Pleas Court. Appellants' complaint does not demonstrate that appellants attempted to obtain fees at the administrative level pursuant to R.C. 119.092. As the Court of Common Pleas did not render a final judgment in the underlying action, and appellants did not file an appeal in the Common Pleas Court pursuant to an adverse decision at the administrative level, the court did not have subject matter jurisdiction over the claim for attorney fees. In order to properly invoke the subject matter jurisdiction of the Common Pleas Court pursuant to R.C. 2335.39, appellants must have demonstrated that they requested fees at the administrative level, and such request was denied. As appellants failed to do so, the second Assignment of Error is overruled.
 III.
Appellants argue that the court erred in dismissing their common law claim for attorney fees based on bad faith of appellee. The general rule in Ohio is that attorney fees cannot be taxed as costs of the action absence specific statutory authority. Sorin v. Board of Education (1976),46 Ohio St.2d 177. We first note that appellants did not seek fees in the forum in which they were the prevailing party. Appellants have cited no authority for the proposition that a prevailing party may file a common law action for fees in a different forum. Further, as noted in Assignment of Error II above, statutory authority for fees in the instant case is controlled by R.C. 119.09(2). As appellants did not comply with the statute in seeking fees, appellants cannot circumvent the statute by attempting to claim fees pursuant to common law. As no common law action for fees exists, the third Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, V.J. Gwin, P. J. and Farmer, J. concur.