**SHOCKEY, Appellant,**

v.

**FOUTY et al., Appellees.**

[Cite as *Shockey v. Fouty* (1995), 106 Ohio App.3d 420.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 95CA2101.

Decided Sept. 20, 1995.

*Michael E. Shockey, pro se.*

*Betty D. Montgomery,* Attorney General, and *Gary D. Andorka,* Assistant Attorney General, for appellees.

HARSHA, Judge.

Inmate Michael E. Shockey appeals from a judgment of the Ross County Court of Common Pleas which dismissed his civil rights complaint against several employees of the Ohio Department of Corrections and Rehabilitation. He assigns the following error:

"The trial court erred to the prejudice of plaintiff-appellant in dismissing his claims authorized by 42 U.S.C., Section 1983."

Inmate Shockey filed a complaint under Section 1983, Title 42, U.S. Code, seeking declaratory judgment, injunctive relief and money damages for alleged violations of his due process rights in conjunction with disciplinary proceedings against him. Named in the complaint as defendants, both individually and in their official capacities, were Corrections Officer Cliff Fouty; Steve Clever, Chairman of the Rules Infraction Board; Fred McAninch, Warden, Chillicothe Correctional Institution; Lynn Goff, Administrative Assistant to the Warden;

and Reginald A. Wilkinson, Director, Ohio Department of Rehabilitation and Corrections.

The appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). Under Civ.R. 12(B)(1), appellees apparently contended that the trial court lacked jurisdiction over the subject matter of the complaint since it was based upon violations of state law and state administrative procedure, rather than a violation of federal rights. The motion to dismiss also argued that the complaint failed to state a claim for relief under Civ.R. 12(B)(6) because the sanction imposed upon claimant, five hours of "extra duty," did not rise to the level of a deprivation of a protected liberty interest, and that *respondeat superior* liability cannot be asserted in a Section 1983 claim. Without identifying the basis for its ruling, the trial court granted the appellees' motion to dismiss, whereupon appellant filed this appeal.

The factual context for this suit appears in the complaint and the numerous exhibits attached to it by the appellant. Appellant was charged with a violation of various rules of conduct by Corrections Officer Fouty. Inmate Dotson was caught attempting to "smuggle" copies of legal documents, from the Ohio Prison Industries ("OPI") where he worked, to inmate Shockey. Fouty contended that Dotson was making copies at OPI for Shockey. Shockey, to whom the original belonged, denied having Dotson make copies and insisted he received them from his mother. Initially, Shockey was charged with a violation of disobedience of a direct order, Ohio Adm.Code 5120–9–06(E)(1), and aiding and abetting in a Class II rule violation, Ohio Adm.Code 5120–9–06(E)(17). He was subsequently given conduct reports for possession of contraband, Ohio Adm.Code 5120–9–06(E)(8), and giving false information or lying to departmental employees, Ohio Adm.Code 5120–9–06(E)(24). The matter proceeded through administrative review to the Rules Infraction Board, where he was found guilty of violating Ohio Adm.Code 5120–9–06(E)(24), lying or giving a false statement. The sanction imposed was in the form of five hours of extra duty.

In his complaint, Shockey alleges that his procedural due process rights were violated by a series of acts by Fouty and his superiors. In essence, he complains that Fouty amended the conduct report from a violation of Class II, Rule 117 to Class II, Rules 8 and 24 shortly before his hearing. He also contends that Fouty took too long to prepare the conduct report and that the board took too long to review it, thus violating federal due process guarantees.

As noted above, the appellees filed a motion to dismiss under Civ.R. 12(B)(1) and (6). The standard to apply for a dismissal pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction, is whether the plaintiff has alleged any cause of action which the court has authority to decide. *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414, 418–419; see, also, *Avco*

*Fin. Serv. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378, paragraph one of the syllabus. This is generally a question of law which we review independently of the trial court's decision. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus; *McHenry, supra,* 68 Ohio App.3d at 62, 587 N.E.2d at 418–419.

In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064–1065, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224–225, 327 N.E.2d 753, 754–755. In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *York, supra.* In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint. See, *e.g., State ex rel. Alford v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 229–230, 390 N.E.2d 782, 784–785. Appellate review of a ruling on such a motion presents a question of law which we determine independently of the trial court's decision.

Initially, we note that our review is somewhat handicapped by the fact that the trial court did not indicate a basis for its decision. Accordingly, we would normally analyze in detail each of the grounds set forth in appellees' motion. However, in this case, it is apparent from the face of the complaint that it fails to state a claim upon which relief can be granted for reasons other than that asserted by the appellees. In *Vicory v. Walton* (C.A.6, 1983), 721 F.2d 1062, the Sixth Circuit held that in a Section 1983 case claiming the deprivation of a *property* interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. In *Gibbs v. Hopkins* (C.A.6, 1993), 10 F.3d 373, 378, the same court applied this pleading requirement under Section 1983 cases to the deprivation of *liberty* interests without procedural due process of law. The *Gibbs* court dismissed an inmate's complaint where it did not plead or show that Michigan's judicial remedies were inadequate to redress purported violations of procedural due process occurring within the Michigan prison system. Our review of the pleadings in this case indicates that the same fatal defect that was present in *Gibbs* also occurs in this

complaint. Accordingly, appellant's complaint fails to state a claim upon which relief can be granted and must be dismissed.

■ However, in light of the trial court's failure to identify its rationale for dismissing the case in its entirety, we feel it appropriate to comment on the stated bases for appellees' motion. In *Will v. Michigan Dept. of State Police* (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45, the Supreme Court held that state officials acting in their official capacities are outside the class of persons subject to liability under Section 1983, Title 42, U.S.Code. *Id.* at 71, 109 S.Ct. at 2312, 105 L.Ed.2d at 58. Thus, dismissal of the defendants in their official capacity would be proper under *Will*. However, in *Hafer v. Melo* (1991), 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301, the Supreme Court specifically rejected the argument that Section 1983 does not authorize suits against state officers for damages arising from official acts. The *Hafer* court held that state officials sued in their individual capacities are persons for purposes of Section 1983. Thus, while dismissal of the defendants in their official capacity would be appropriate, actions against the defendants in their individual capacity can proceed in state court without a determination from the court of claims that the employees acted outside the scope of their employment. See *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 292–293, 595 N.E.2d 862, 869–870; *Cooperman v. Univ. Surgical Assoc.* (1987), 32 Ohio St.3d 191, 513 N.E.2d 288 (court of common pleas has jurisdiction over Section 1983 individual damage actions against state employees); *Schwarz v. Bd. of Trustees of Ohio State Univ.* (1987), 31 Ohio St.3d 267, 31 OBR 493, 510 N.E.2d 808 (court of common pleas has jurisdiction over Section 1983 claims for prospective injunctive relief against state officials).

■ Furthermore, we reject outright the state's contention that there is no liberty interest involved in disciplinary proceedings simply because the ultimate sanction imposed was extra duty, rather than segregation or isolation. In *Wolff v. McDonnell* (1974), 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, the United States Supreme Court rejected a similar contention. The *Wolff* court stated:

"Petitioners assert that the procedure for disciplining prison inmates for serious misconduct is a matter of policy raising no constitutional issue. If the position implies that prisoners in state institutions are wholly without the protections of the Constitution and the Due Process Clause, it is plainly untenable. * * *

"We also reject the assertion of the state that whatever may be true of the Due Process Clause in general or of other rights protected by that clause against state infringement, the interest of prisoners in disciplinary procedures is not included in that 'liberty' protected by the Fourteenth Amendment. * * * The state having created the right to good time and itself recognizing that its deprivation is

a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within the Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state-created right is not arbitrarily abrogated." 418 U.S. at 555–557, 94 S.Ct. at 2974–2975, 41 L.Ed.2d at 950–951.

Ohio Adm.Code 5120-9-08 grants the Rules Infraction Board the authority to recommend a denial of good time as well as placing the inmate in disciplinary control. We do not believe that an after-the-fact justification that only minimal punishment was ordered reduces the requirement for due process procedures where the range of potential punishments to be meted out at a hearing includes the sanctions of disciplinary control or loss of good time.

Finally, while we acknowledge that *respondeat superior* liability cannot be asserted in a Section 1983 claim, see *Polk Cty. v. Dodson* (1981), 454 U.S. 312, 325, 102 S.Ct. 445, 453–454, 70 L.Ed.2d 509, 520–521, that doctrine/defense has no applicability whatsoever to the claim against Fouty. In fact, a strong argument can be made that Shockey's complaint alleges direct and active violation of due process on the part of appellee Clever. Accordingly, complete dismissal of appellant's complaint based on the bar against *respondeat superior* liability would be unwarranted.

In any event, we hereby affirm the dismissal of appellant's complaint for failure to state a claim upon which relief can be granted.

*Judgment affirmed.*

STEPHENSON and KLINE, JJ., concur.