Plaintiff-appellant, Joseph Galat, appeals from a decision of the Butler County Court of Common Pleas which granted the motion to dismiss or in the alternative for partial summary judgment of defendant-appellee, Hamilton City School District Board of Education. We affirm.
The issue before this court is the interaction between the teacher termination law set forth in R.C. 3119.11, the teacher evaluation law set forth in R.C. 3119.111, and the law applicable to collective bargaining in the public sector set forth in R.C.4117.10.
Appellant was hired by appellee in 1995. During the 1996-97 school year, appellant was employed under a limited teaching contract as an instructor in the Behavior Intervention Center at Hamilton High School. Appellant was evaluated by Hamilton High School's principal twice during that school year. The first evaluation took place after two classroom observations by the principal. The second evaluation took place after one classroom observation by the principal. Written post-conference evaluation instruments were prepared. Following the second evaluation, appellant was informed that the principal would not recommend that appellant be reemployed.
On March 24, 1997, appellant received notice from the superintendent that she would recommend to appellee that appellant's contract not be renewed. On April 8, 1997, appellee voted not to reemploy appellant. Appellant received notice which stated in part "you are hereby notified in compliance with O.R.C.3319.11 [the teacher termination statute], that you will not be re-employed at the expiration of your present contract." Appellant requested an explanation of reasons pursuant to R.C.3319.11(G)(1), which was provided. Appellant also requested a hearing pursuant to R.C. 3319.11(G)(3), which was held on May 27, 1997.
At the hearing, appellant argued in part that he should have been evaluated pursuant to the procedures set forth in R.C.3319.111. Appellee argued that appellant had been evaluated by procedures in accordance with the collective bargaining agreement ("the master contract") between the Hamilton Classroom Teachers' Association ("the classroom teachers' association") and the Hamilton City School District. Appellee argued that those procedures prevailed over any conflicting statutory procedures. Appellant also argued that appellee had not provided him with a "listing of means/resources for correction of deficiencies" in compliance with the procedures set forth in the master contract. Appellee maintained that the applicable contractual procedures had been followed. Following the hearing, appellee reaffirmed its decision not to reemploy appellant.
On July 3, 1997, appellant filed a complaint in the common pleas court appealing appellee's decision not to re-employ him as a teacher. The common pleas court's jurisdiction was invoked pursuant to R.C. 3319.11. The complaint alleged that appellee had failed to follow the evaluation procedures outlined in R.C.3319.111. The complaint also alleged that appellee had failed to comply with the evaluation procedures contained in the master contract.
On August 5, 1997, appellee filed a "motion to dismiss or in the alternative for partial summary judgment" in which appellee first asserted that the common pleas court did not have jurisdiction to hear appellant's complaint concerning contractual violations because he had not pursued the grievance procedure outlined in the applicable master contract. Appellee also asserted it was entitled to summary judgment on the issue of its compliance with R.C. 3319.111 because the evaluation provisions of the master contract prevailed over those provided by that statute.
The common pleas court granted both of appellee's motions. The court found, after an evaluation of the applicable law, that the parties had "entered into a contract with the intent of being bound by the terms of the contract, including but not limited to, the provisions for evaluation which are different than the Ohio Revised Code." The common pleas court then granted appellee's motion for summary judgment with regard to appellant's claim of statutory violations on the ground that the master contract superseded R.C. 3319.111.
The court also granted appellee's motion to dismiss on the ground that appellant had failed to exhaust his administrative remedies through the grievance procedure set out in the master contract. Although not necessary for either of its rulings, the common pleas court found that appellee had complied with the master contract during its evaluation of appellant.
On appeal, appellant raises the following assignments of error:
Assignment of Error No. 1:
 The Court Below Erred in Holding that the Evaluation Procedure Contained in the Applicable Collective Bargaining Agreement Supersedes O.R.C. Section 3319.111.
Assignment of Error No. 2:
 The Court Below Erred in Concluding that the Applicable Collective Bargaining Agreement Required Appellant to Exhaust the Grievance and Arbitration Procedure Before Pursuing an Appeal to the Common Pleas Court Pursuant to O.R.C. Section 3319.11.
Assignment of Error No. 3:
 The Court Below Erred in Holding that the Hamilton City School District Board of Education Complied with the Terms of the Collective Bargaining Agreement when that Issue was not Properly Before it.
In his first assignment of error, appellant argues that the common pleas court erred in holding that the provisions of the master contract superseded the otherwise applicable statutory provisions for teacher evaluations.
Civ.R. 56(C) provides that summary judgment is proper if the court determines that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317,327.
Appellant claims that appellee violated R.C. 3319.111 in evaluating him. R.C. 3319.111 was enacted in 1989 and provides in part that "a school board which employs a teacher under a limited contract * * * shall evaluate such a teacher in compliance with the requirements of this section in any school year in which the board may wish to declare its intention not to reemploy the teacher." R.C. 3319.111(B) provides that "any board of education evaluating a teacher pursuant to this section shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section." (Emphasis added.) The statutory evaluation procedures include time lines for two required evaluations during the school year. R.C. 3319.111(A). The statute also mandates two classroom observations prior to each of the required evaluations for a minimum total of four required classroom observations. See R.C. 3319.111(B)(2).
In reaching its decision, the common pleas court relied on the Ohio Supreme Court's decision in Naylor v. Cardinal Local School District Board of Education (1994), 69 Ohio St.3d 162. In Naylor, the nonrenewed teacher argued that the board had failed to follow the R.C. 3319.111 evaluation procedure outlined above. The board argued that it had followed the evaluation and nonrenewal procedures of the applicable master contract.
The supreme court noted that R.C. 4117.10 provides in part:
 An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. * * * Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours and terms and conditions of employment for public employees. * * * [T]his chapter prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in this chapter or as otherwise specified by the general assembly. (Emphasis sic.)
Id. at 165.
The collective bargaining agreement at issue in Naylor had been entered into prior to the effective date of R.C. 3319.111. The supreme court held that the agreement therefore did not specifically exclude or negate the rights contained in the statute. The court held that "unless a collective bargaining agreement specifically provides to the contrary, R.C. 3319.111
governs the evaluation of a teacher employed under a limited contract." Id.
As the parties have noted, our task is to determine whether the common pleas court correctly found that the evaluation provisions of the master contract "specifically provided to the contrary" of the evaluation provisions of R.C. 3119.111.
The master contract between appellee and the classroom teachers' association is a comprehensive agreement covering a wide range of terms and conditions of employment. Under Section 3.10 of the master contract, appellee was required to perform a minimum of three formal classroom observations, each of at least thirty consecutive minutes, resulting in two formal written evaluations. Two observations were required before the first evaluation and one observation was required before the final evaluation. The evaluation procedure is detailed and differs from the procedure set forth in R.C. 3319.111 in several ways. Perhaps most importantly, it provides for a minimum of three classroom observations, while the statute requires four. See R.C.3319.111(A) and (B)(2). The master contract also provides for post-observation conferences which are not required under the statute. Both the contract and the statute require recommendations for improvement, although the wording is somewhat different.
Section 13.02 of the master contract contains a contract precedence clause which provides that "the provisions of the Master Contract supersede and take precedence over any provisions of the Ohio Revised Code which may be contrary to the provisions of the Master Contract."
Although R.C. 3319.111 is not specifically referenced in the master contract's section on evaluation procedures, we find that the master contract did "specifically provide to the contrary" under Naylor. The master contract was entered into after the enactment of the statutory evaluation procedures set forth in R.C. 3319.111 and after Naylor. The master contract contains very specific evaluation procedures which are materially different from the statutory procedures, and contains a contract precedence clause. While no single one of these factors is controlling, taken together, they clearly manifest an intent of the parties that the negotiated evaluation procedures will prevail over the statutory procedures.
We therefore find that the common pleas court did not err in holding that the master contract's evaluation procedures superseded the evaluation procedures set forth in R.C. 3319.111. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the common pleas court erred in dismissing his claim due to his failure to utilize the grievance procedure provided in the master contract. In its motion to dismiss, appellee stated that appellant's failure to exhaust the administrative remedies provided in the master contract divested the common pleas court of subject matter jurisdiction. Appellee outlined the grievance procedure set forth in the master contract, which provided for a three step process culminating (if not resolved earlier) in binding arbitration. Appellee argued that this procedure had not been exhausted and that "the proper body to address the matter at this point [was] the selected arbitrator, not the Common Pleas Court."
After finding that the evaluation procedures of the master contract superseded the statutory procedures, the common pleas court held that for alleged violations of the contract, appellant should have utilized the grievance procedure set forth in Article II of the master contract. Therefore, the motion to dismiss was granted.
A dismissal for lack of subject matter jurisdiction under Civ.R. 12(B)(1) is reviewed de novo. Schockey v. Fouty (1995),106 Ohio App.3d 420.[1] In considering a motion to dismiss for lack of subject matter jurisdiction, the common pleas court is not confined to the allegations of the complaint. Southgate Dev. Corp. v. Columbus Gas Transmission Corp. (1976), 48 Ohio St.2d 211,214.
The master contract contains a detailed grievance procedure. Although appellant's complaint invoked the jurisdiction of the common pleas court pursuant to R.C. 3119.11, the termination statute, it did not allege any substantive violations, i.e., violations of notification or time line for nonrenewal provisions, of that statute. The complaint rather alleged violations of R.C. 3119.111, the evaluation statute, which would have been cognizable under R.C. 3119.11(G)(7).[2] However, once the R.C. 3119.111 violations were eliminated from the complaint by the common pleas court's summary judgment ruling, the court correctly found that the remaining contractual claims should be dismissed.
R.C. 4117.10(A) states that if an agreement "provides for final and binding arbitration of grievances, public employers, and employee organizations are subject solely to that procedure." Because the evaluation procedures specified in the master contract superseded the statutory provisions, the grievance procedures of the master contract should have been invoked for any claimed violations of those procedures.
The common pleas court's ruling was in accord with the doctrine requiring exhaustion of administrative remedies. See, e.g., Jones v. Village of Chagrin Falls (1997), 77 Ohio St.3d 456. In State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, the Ohio Supreme Court held that detailed job classification procedures in a collective bargaining agreement prevailed over a conflicting civil service law concerning job audits. The court noted:
 While it is true that appellant does not have the same remedies available * * * by virtue of the agreement as opposed to through an R.C. 124.14(D) job audit, the limitation of such remedies was manifestly within the authority of the parties to the agreement. Therefore, since the agreement specifically covers all [pertinent] situations * * * the agreement controls and appellant is confined to the agreement's grievance procedure. R.C. 4117.10(A). (Emphasis added.)
Id. at 510. See, also, Mayfield Heights Fire Fighters Assoc. v. Dejohn (1993), 87 Ohio App.3d 358 (strong public policy favors private settlement of grievance disputes arising from collective bargaining agreements).
Appellant's claims under R.C. 3119.111 were disposed of on summary judgment. Because jurisdiction had been invoked pursuant to R.C. 3319.11 and appellant had alleged no substantive violation of R.C. 3119.11, the common pleas court correctly dismissed the remainder of appellant's claim, which alleged contractual violations which were subject solely to the grievance procedure.[3] We therefore find that the common pleas court did not err in holding that appellant was required to submit his contractual claims to the grievance procedure. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that the common pleas court erred in holding that appellee had complied with the terms of the master contract, as that issue was not properly before the court. The common pleas court found "that [appellee] complied with the terms of the master contract in the evaluation of [appellant]," however, that finding was not necessary to either of its holdings. Therefore, appellant's third assignment of error is well-taken.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Although Civ.R. 12(B)(1) was not specifically referenced by appellee or the trial court, we construe the common pleas court's ruling as a dismissal for lack of subject matter jurisdiction pursuant to that rule.
[2] R.C. 331.19(G)(7) provides that "[a] teacher may appeal an order affirming the intention of the board not to reemploy the teacher to the court of common pleas * * * on the grounds that the board has not complied with section 3319.11 or 3319.111 of the Revised Code." This section further provides that only procedural errors may be considered by the court.
[3] We note that procedurally it probably would have been preferable to address this issue under summary judgment standards. See Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456
(holding that exhaustion of administrative remedies is an affirmative defense to declaratory judgment action). However, any procedural error is harmless given our resolution of the substantive issues.