[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY
The journal entry and opinion of this court released on December 2, 1999 in this case contained an error on the cover page as follows:
CHARACTER OF PROCEEDING: Civil appeal from Court of Common Pleas, Case No. 342, 386.
This error is hereby corrected to read as follows:
CHARACTER OF PROCEEDING: Civil appeal from Court of Common Pleas, Case No. 342, 836.
It is hereby ordered that said journal entry and opinion of December 2, 1999 be amended nunc pro tunc to correct the error on the cover page in this opinion as stated above.
It is further ordered that, as so amended, said journal entry and opinion of December 2, 1999 shall stand in full force and effect in all its particulars.
The corrected entry is attached.
JOHN T. PATTON, P.J. CONCURRING ANNE L. KILBANE, J. CONCURRING
 _______________________________ KENNETH A. ROCCO JUDGE
 OPINION
Plaintiffs-appellants David R. Bain and Bain Builders 
Remodelers (hereinafter referred to in the singular as "Bain") appeal from the trial court opinion and order that granted the motion to dismiss filed by defendants-appellees Joan Paciotti-Orr and "John Doe Corporation No. 1" (hereinafter referred to in the singular as "Paciotti-Orr")
Bain asserts the trial court erred in dismissing his complaint, arguing that his contractual claim for monies due against Paciotti-Orr was both timely and separate from issues previously determined by a panel of arbitrators.
This court has reviewed the record, finds the trial court's action was appropriate and, therefore, affirms it.
The following facts are gleaned from the record on appeal.
In October 1993. Paciotti-Orr, owner of a business known as "Create-a-Center, Inc.," engaged Bain as a general contractor to construct a commercial building known as the "Strongsville Child Development Elder Day Care Center" in Strongsville, Ohio. The parties signed a standard American Institute of Architects ("AIA") form agreement that called for completion of the work by April 4, 1994 at a total cost of $1,025,000.00.
Under the heading "General Conditions of the Contract for Construction," the agreement also contained the following pertinent provisions:
 ARTICLE I GENERAL PROVISIONS
* * *
1.1.2 THE CONTRACT
 The Contract Documents form the Contract for Construction. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. The Contract may be amended or modified only by a Modification. * * *
* * *
 ARTICLE 4 ADMINISTRATION OF THE CONTRACT
* * *
4.3 CLAIMS AND DISPUTES
 4.3.1 Definition. A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of t1me or other relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be made by written notice. The responsibility to substantiate Claims shall rest with the party making the Claim.
 4.3.2 Decision of Architect. Claims, including those alleging an error or omission by the Architect, shall be referred initially to the Architect for action as provided in Paragraph 4.4. A decision by the Architect, as provided in subparagraph 4.4.4, shall be required as a condition precedent to arbitration or litigation of a Claim between the Contractor and Owner as to all such matters arising prior to the date final payment is due, regardless of (1) whether such matters relate to execution and progress of the Work or (2) the extent to which the Work has been completed. * * *
 4.3.3 Time Limits of Claims. Claims by either party must be made within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later. Claims must be made by written notice. An additional Claim made after the initial Claim has been implemented by Change Order will not be considered unless submitted in a timely manner.
* * *
4.5 ARBITRATION
 4.5.1 Controversies and Claims Subject to Arbitration. Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof * * *.
(Emphasis added.)
Sometime in the spring of 1994, disputes arose between the parties regarding Paciotti-Orr's "payment of periodic draw payments" to Bain and Bain's "scheduled completion date" for the project. Thereafter, in a written modification of the contract, the parties agreed as follows: Paciotti-Orr agreed to pay Bain a "draw payment" in the amount of $167,000 upon the completion of the modification and also to pay Bain two additional draw payments on July 22, 1994 and July 29, 1994. Bain agreed to obtain an occupancy permit from the city by August 10, 1994 or, upon failing to do so, pay to Paciotti-Orr a liquidated damage amount. The modification contained a clause noting that the remaining terms and conditions of the AIA contract were neither altered, modified nor amended.
On July 22, 1994 Bain notified Paciotti-Orr that she had breached the contract. On August 8, 1994 Paciotti-Orr discharged Bain from work on the project.
In late October 1994, Paciotti-Orr filed a claim for arbitration. Dam filed a response in which he asserted a claim against Paciotti-Orr for "$188,180 representing the amount currently due and outstanding" to Bain "under the underlying contract."
The arbitrator held a hearing in February 1995. At the conclusion of the hearing, one of the arbitrators invited the parties to submit post-hearing briefs supported by already-admitted documentary evidence "to show [the arbitrators] where you believe the final contract price is set out."
In April 1995, the arbitrators issued their award, in which Paciotti-Orr's claims against Bain were dismissed with prejudice and Bain's "request for damages" against Paciotti-Orr was dismissed with prejudice.
In June 1997, Bain filed a complaint for declaratory judgment in the Cuyahoga County Court of Common Pleas "seeking to reduce the arbitration award of April 3, 1995 to judgment." The case was designated CV-335462. Bain subsequently filed a motion for summary judgment in the case in which he argued that "pursuant to the agreement between the parties of October 3, 1993, the arbitration of April 3, 1995. is a final determination of therights and liabilities of the parties." (Emphasis added.)
On October 29, 1997, while his motion for summary judgment was pending in CV-335462, Bain filed the instant action against Paciotti-Orr and an unnamed corporation.
In count one of his complaint, Bain asserted that pursuant to the terms of the contract, he had "completed ninety percent (90%) of the project which was the subject of the agreement [between himself and `Defendants'], and [has] not been paid by the Defendants for the work performed * * *." Bain estimated his damages to be in the amount of $491,000.00. Bain attached to his complaint a copy of the parties' AIA contract and the July 1994 modification of the contract.
On December 23, 1997 Bain filed a motion to consolidate the instant case with CV-335462.
On January 30, 1998 Paciotti-Orr responded in the instant case with a Civ.R. 12 (B) (1) motion to dismiss Bain's complaint.[1]
Paciotti-Orr argued that in view of both the contract's arbitration provisions and the arbitration award, the trial court lacked subject matter jurisdiction. She attached to her motion as exhibits a copy of the AIA contract, a portion of the transcript of the arbitration hearing, and a copy of the award of the arbitrators.
In an order dated February 10, 1998, however, while both Bain's motion to consolidate and Paciotti-Orr's motion to dismiss were pending in the instant action, the trial court in CV-335462 issued an opinion and order granting Bain's motion for summary judgment and declaring the arbitration award reduced to judgment. Accordingly, on February 25, 1998 the trial court in the instant case ruled Bain's motion to consolidate moot.
On March 8, 1998 Bain filed a brief in opposition to Paciotti-Orr's motion to dismiss the instant action. Bain argued that the money damages demanded in this case were distinct from those requested during the arbitration proceeding; he asserted in the arbitration proceeding he had sought damages only for "defending against another one of [Paciotti-Orr's] frivolous claims." Bain also argued that merely by filing her motion to dismiss, Paciotti-Orr had "waived" any right of arbitration of the instant dispute. Bain further noted he was pursuing yet a third action against Paciotti-Orr, joining as a defendant in that case the lending institution that had disbursed funds to her pursuant to a construction loan agreement. Bain attached no documentary materials to his brief.
Shortly thereafter, Paciotti-Orr filed a reply brief to which she attached a copy of the trial court's ruling on Bain's motion for summary judgment in CV-335462. Paciotti-Orr argued that Bain's claims were either already resolved or time-barred pursuant to the terms of the AIA contract.
Subsequently, Paciotti-Orr filed a "supplemental" motion to dismiss. In her supplemental motion, Paciotti-Orr argued that since Bain had filed his third action on May 8, 1998, the instant case should be dismissed in the interest of judicial economy. Paciotti-Orr attached a copy of Bain's complaint filed to commence the third action.
On September 17, 1998 the trial court in the instant case issued its opinion and order granting Paciotti-Orr's Civ.R. 12 (B) (1) motion to dismiss Bain's complaint. The trial court essentially stated the materials filed in the instant action did not support Bain's two arguments. viz., that his claim in the instant case was neither subject to the contract's arbitration provision nor previously determined. The trial court further determined Bain's claim in the instant case was untimely pursuant to the contract paragraph 4.3.3.
Bain has filed his appeal from the trial court's opinion and order. He presents the following assignment of error for review:
 THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEES' MOTION TO DISMISS BECAUSE APPELLANTS FILED THEIR CLAIM WITHIN TWENTY-ONE DAYS AFTER RECOGNIZING THAT APPELLEES WERE NOT GOING TO MAKE PAYMENT IN FULL UNDER THE CONTRACT AND SUCH CLAIM WAS NOT PREVIOUSLY DETERMINED BY A PANEL OF ARBITRATORS.
Appellant argues the trial court's order was "entirely unsupported by the pleadings" and that, therefore, it erred in granting Paciotti-Orr's motion to dismiss for lack of subject matter jurisdiction. This court does not agree.
Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12 (B) (1) for lack of subject matter jurisdiction is de novo. Shockey v. Fouty (1995), 106 Ohio App.3d 420. The standard to be applied is whether the plaintiff has alleged any cause of action "cognizable in the forum," i.e., which the trial court has the authority to decide. Avco Fin.Serv. Loan, Inc. v. Hale (1987), 36 Ohio App.3d 65. headnote 1 (approved, State ex rel. Bush v. Spurlock [1989], 42 Ohio St.3d 77).
In determining whether a plaintiff has alleged a cause of action sufficient to withstand a motion to dismiss for lack of subject matter jurisdiction, the court is not confined to the allegations of the complaint; rather, it may consider any material pertinent to determining its own jurisdiction without converting the motion into one for summary judgment. SouthgateDev. Corp. v. Columbus Gas Transmission Corp. (1976), 48 Ohio St.2d 211, syllabus 1; Klein v. Glas (May 7, 1998). Cuyahoga App. No. 72551, unreported. The court's decision must be affirmed when it appears beyond doubt from these materials that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief from the court. Shockey v. Fouty, supra.
A review of the materials properly filed in this case[2]
leads to the conclusion that Bain could not allege a cognizable cause of action for the trial court to consider.
The AIA contract specifically defines a "claim" as a demand by one of the parties seeking payment of money; the term includes "other disputes and matters in question" between the parties "arising out of or relating to the Contract." Since the written modification concerning "draw payments" became a part of the contract, the dispute over them subsequently asserted by Bain thus became a "claim."
The contract specifically called for arbitration of "any controversy or Claim arising out of or related to the Contract or the breach thereof." This language is inclusive rather than exclusive; therefore, Bain's claims relating to "draw payments" fell within its mandate. See, e.g., Toole Sons Electric, Inc.v. Columbus Housing Partnership, Inc. (Nov. 13, 1997), Franklin App. No. 97APG03-380, unreported.
Moreover, Rain's responsive pleading to Paciotti-Orr's demand for arbitration and the transcript of the arbitration hearing demonstrate Bain not only recognized the foregoing but considered Paciotti-Orr to have breached the contract before July 22, 1994 and, therefore, asserted his claim for "outstanding" monies due him from her pursuant to the "underlying contract," with the understanding at the arbitration hearing that the arbitrators' decision would include "the final contract price."
This conclusion that Bain considered all money matters settled by the arbitration proceeding is supported by the trial court's opinion in CV-335462; it both summarized and agreed with Bain's argument that the arbitration award was a final determination of the rights and liabilities of the parties with regard to the project.
It is apparent, therefore, that in the instant case, Bain merely was "attempting to relitigate the same issues" that were subject to the arbitration clause, "presented to the arbitration panel," and subsequently reduced to judgment in CV-335462.Fioretti v. The Lottery Channel, Inc. (Mar. 20, 1998), Hamilton App. Nos. C-970320, C-970321, unreported. Under these circumstances, the trial court correctly concluded that it lacked subject matter jurisdiction to consider Bain's claim. R.C.2711.01 (A); see, also, ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498
at 501-502.
Since the trial court thus did not err in dismissing Bain's action, Bain's assignment of error, accordingly, is overruled.
The order of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and ANNE L. KILBANE, J. CONCUR
 __________________________ JUDGE KENNETH A. ROCCO
[1] Civ.R. 12 (B) (1) states in relevant part: RULE 12.Defenses and objections — when and how presented — by pleading ormotion — motion for judgment on the pleadings
* * *
(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, * * *
[2] Paciotti-Orr has attached to her appellate brief as "exhibits" certain items that were not before the trial court. Since they are not part of the record on appeal, this court may not consider them. Sanders v. Webb (1993), 85 Ohio App.3d 674. Similarly, this court will not consider Bain's arguments raised for the first time on appeal. Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41, 43.