OPINION
This appeal is brought by Appellant, Matt Radcliffe, from a judgment of the Hardin County Common Pleas Court.
The Hardin County Court of Common Pleas granted appellant Matt Radcliffe and appellee Karen Radcliffe (Webb) a divorce on July 8, 1988. As part of the divorce settlement, Karen retained custody of the couple's two children and Matt was ordered to pay monthly support. In addition, Matt was awarded visitation and the right to claim the children as dependents for tax purposes. The appellee moved from the State of Ohio to the Commonwealth of Virginia some time prior to the divorce and all times relevant to these proceedings the appellee, and her two children remained residents of the Commonwealth of Virginia.
In July 1992 the Appellant filed a motion, pro se, asking that his ex-wife be found in contempt for failing to abide by the divorce decree, specifically the visitation order. The appellee, through counsel, answered the motion with a motion to relinquish jurisdiction for the action to the Commonwealth of Virginia pursuant to O.R.C. 3109.25, the Uniform Child Custody Jurisdiction Act (UCCJA). The appellant, after appearing at a hearing on the motions pro se, obtained counsel who proceeded to file objections to the relinquishment of jurisdiction. Nevertheless, in an order dated Sept 1, 1992 the lower court granted appellee's motion and the matter was transferred to the Commonwealth of Virginia pursuant to O.R.C. 3109.25. The Appellant did not appeal this decision.
On February 5, 2001 Appellant filed a new motion in the Hardin County Court of Common Pleas asking, again, that his ex-wife be found in contempt of court. According to the complaint, the appellee claimed the children as dependents for federal income tax purposes in violation of the 1988 divorce decree causing the appellant to be audited by the Internal Revenue Service. In response to the motion, the appellee filed a motion to dismiss pursuant to Civ.R. 12(b)(1) lack of subject matter jurisdiction, alleging that all matters pertaining to the divorce had been relinquished to the Commonwealth of Virginia by the lower court's 1992 order.
The matter came before a Magistrate on hearing to determine the matter of jurisdiction. The Magistrate concluded that the case was transferred, in its entirety, to Virginia. The appellant filed timely objections to the Magistrate's decision arguing that only matters pertaining to visitation were transferred to Virginia. On July 1, 2001 the lower court adopted the Magistrate's decision and ordered that all matters of contempt be resolved by the Virginia courts. It is from this order that the Appellant now appeals.
Appellant raises the following assignments of error:
 The trial court committed reversible error by dismissing for lack of subject matter jurisdiction, the plaintiff-appellant's motion in contempt seeking enforcement of the separation agreement related to the allocation of the tax exemptions which was originally filed in the Hardin County Court of Common Pleas.
 The Transfer of the plaintiff-appellant's financial issues to the state of Virginia violated the plaintiff appellant's right to due process where the transfer to the state of Virginia was based on Ohio Revised Code § 3109.25 Motion (Inconvenient Forum) and where only the visitation and custody (parenting determination's) issues were heard.
 The sole issue presented by appellant's assignments of is whether the court below has the jurisdiction to hear Appellant's motion for contempt or whether that matter must be addressed in Virginia. We now find that the Hardin County Court of Common Pleas does have jurisdiction to hear the appellant's motion for contempt.
The standard of review for a motion to dismiss pursuant to Civ.R. 12(b)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 80. An appellate court considers the issue de novo, independently of the trial court's decision. Shockey v. Fouty (1995),106 Ohio App.3d 420, 424; McClure v. McClure(1997), 119 Ohio App.3d 76,79.
As an initial matter, subject matter jurisdiction does not relate to the rights of the parties; rather, it refers to the power of a court to hear and decide a case on the merits. State ex rel. Jones v. Suster
(1998), 84 Ohio St.3d 70, 75. Therefore, appellant's second assignment of error as to his due process rights is not well taken and accordingly overruled.
Appellant's first assignment of error alleges that the trial court committed reversible error when found that it did not have jurisdiction to hear his motion for contempt. In 1992, the trial court, Hardin County Court of Common Pleas, voluntarily relinquished its jurisdiction to hear a visitation dispute filed by the appellant. The trial court did so pursuant to O.R.C. § 3109.25(A), a provision in the Uniform Child Custody Jurisdiction Act (UCCJA), which provides that a court that has the jurisdiction to make an initial or modification decree may decline to exercise that jurisdiction if it finds that it is an inconvenient forum to make a "parenting determination" under the circumstances and that another state is a more appropriate forum.
O.R.C. 3109.21(B) defines a "parenting determination" as used in the UCCJA as a court decision that allocates parental rights and responsibilities for the care of the child, including any designation of parenting time rights, designation of residential parent and legal custodian and provides for the custody of a child, including visitation rights. "It does not include a decision relating to child support or any other monetary obligation of any person." O.R.C. 3109.21(B)
The current matter presented by the appellant is a motion to find the appellee in contempt for failing to abide by the financial arrangements of the divorce decree; namely, the right of the appellant to claim the children as dependents for income tax purposes. This is not a parenting determination as defined in the UCCJA and therefore § 3109.25(A) does not apply.
The trial court's 1992 order surrendered jurisdiction to Virginia for the sole purpose of hearing the motion for contempt based on a visitation dispute. There is no evidence in the record that would demonstrate that Hardin County surrendered jurisdiction over the non "parenting determination" aspects of the divorce. On the contrary, the record shows that the Hardin County Court has continued to issue orders pertaining to child support. Furthermore, the Hardin County Child Support Enforcement Agency continues to enforce the appellant's order of support. To find that that same court could not enforce the other financial orders would be unreasonable.
It is important to point out that we do not now decide whether the Commonwealth of Virginia has concurrent jurisdiction to hear financial disputes between the appellant and appellee arising from the Hardin County divorce decree. We only decide that Hardin County did not surrender its jurisdiction over the non-parenting aspects, i.e. financial matters, of the divorce.
Accordingly, appellant's first assignment of error is well taken and the judgment of the Court of Common Pleas, Hardin County is herebyREVERSED and REMANDED to that court for further consideration in accordance with this opinion.
WALTERS, P.J., and SHAW, J., concur.