This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Linda Sue Costoff, administratrix of the estate of Richard L. Costoff, Sr., appeals from the judgment of the Summit County Court of Common Pleas. We affirm in part, reverse in part and remand.
 I. {¶ 2} On March 7, 2002, appellant filed a complaint in trial court case number CV-2002-03-1396. In the complaint, appellant alleged that appellee, P.J. Agarwal, M.D., caused a wrongful death and was liable for both medical malpractice and negligence. On April 9, 2002, appellee filed an answer in which he denied each of the allegations set forth in the complaint.
 {¶ 3} On April 29, 2002, appellee filed a motion to dismiss and requested Civ. R. 11 sanctions. In the motion, appellee asserted that the complaint against him had already been fully litigated in a previous trial court case and that, therefore, the March 7th complaint was barred by res judicata, collateral estoppel, and, also, because it was frivolous pursuant to the trial court's ruling in the other trial court case. Along with the motion to dismiss, appellee attached exhibits relating to the previous trial court case. Thereafter, in the trial court's July 15, 2002 judgment entry, the trial court denied appellee's motion for Civ. R. 11 sanctions, granted appellee's motion to dismiss, and denied appellant's motion for relief from judgment pursuant to Civ. R. 60(B). Notably, in the record before this Court, there is not a motion filed by appellant pertaining to relief from judgment. In granting the motion to dismiss, the trial court referred to the record in the previous trial court case and found that it was proper to dismiss the present complaint. Appellant appealed from the July 15, 2002 judgment entered in trial court case number CV-2002-03-1396. This appeal follows.
 {¶ 4} Appellant has asserted two assignments of error; appellee has asserted a single cross-assignment of error.
 II. Appellant's First Assignment of Error {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT INASMUCH AS APPELLANT MET ALL THE REQUIREMENTS FOR SUCH RELIEF, OR AT A MINIMUM WAS ENTITLED TO A HEARING."
 {¶ 6} In the first assignment of error, appellant asserts that the trial court erred in denying her motion for relief from judgment pursuant to Civ. R. 60(B) and, also, in not holding an evidentiary hearing on the motion.
 {¶ 7} An appellant bears the burden of providing this Court with a record demonstrating the claimed error. App. R. 9; App. R. 10; Hildebrechtv. Kallay (June 11, 1993), 11th Dist. No. 92-L-189; Leader Mortgage Co.v. Stubbs (Nov. 19, 1992), 8th Dist. No. 61736. "Any lack of diligence of the part of an appellant to secure a portion of the record necessary to his appeal will inure to his disadvantage." State v. Johnson (Sept. 10, 1997), 9th Dist. No. 18208, citing to Rose Chevrolet v. Adams (1988),36 Ohio St.3d 17, 19.
 {¶ 8} In the present case, although the trial court denies appellant's motion for relief from judgment in the judgment entry, neither the docketing statement nor other portions of the record include a motion for relief from judgment. Seemingly, the motion for relief from judgment was never filed in this action; rather, it appears that the motion may have been filed in the record of the previous trial court case, although we cannot be certain as we do not have that record before us.
 {¶ 9} As a motion for relief from judgment is not included as part of the record before this Court, we do not have the materials necessary to enable us to review any denial of a motion for relief from judgment. In the absence of the required materials, this court has no choice but to presume the validity of the trial court's proceedings. Hildebrecht, citing to State v. Johnson (July 24, 1992), 11th Dist. No. 91-L-107. Accordingly, appellant's first assignment of error is overruled.
 Appellant's Second Assignment of Error {¶ 10} "NOTWITHSTANDING THE ALTERNATIVE GROUNDS THE TRIAL COURT STATED TO VALIDATE ITS DISMISSAL WITH PREJUDICE OF THE MEDICAL MALPRACTICE CLAIM, DISMISSAL WAS AN ABUSE OF DISCRETION, WHERE A MOTION TO DISMISS IS AN INAPPROPRIATE VEHICLE TO RESOLVE THE ISSUE OF RES JUDICATA."
 {¶ 11} In the second assignment of error, appellant asserts that the trial court erred in granting appellee's Civ. R. 12(B)(6) motion to dismiss, specifically pointing to the fact that appellee argued res judicata in the motion to dismiss. We agree.
 {¶ 12} Civ. R. 12(B) provides that:
 {¶ 13} "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. *** All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
 {¶ 14} We review the trial court's decision to grant a motion to dismiss de novo. Shockey v. Fouty (1995), 106 Ohio App.3d 420, 424. In considering a Civ. R. 12(B)(6) motion to dismiss, a trial court cannot rely upon materials or evidence outside of the complaint. State ex rel.Fuqua v. Alexander (1997), 79 Ohio St.3d 206, 207. The trial court must review only the complaint and may dismiss the case only if it appears "beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, syllabus. Should a court choose to consider evidence outside the pleadings, it must convert the motion to dismiss into a motion for summary judgment and provide the parties with sufficient notice of its intent to do so. Civ. R. 12(B); State ex rel. TheV. Cos. v. Marshall (1998), 81 Ohio St.3d 467, 470. Further, res judicata is an affirmative defense that cannot be raised in a Civ. R. 12(B)(6) motion to dismiss; rather, summary judgment is the preferred method by which to address this defense. Cooper v. Highland Cty. Bd. of Commrs., 4th Dist. No. 01CA15, 2002-Ohio-2353, at ¶ 11.
 {¶ 15} In the Civ. R. 12(B)(6) motion to dismiss, appellee argued that the complaint should be dismissed because it was barred by res judicata, collateral estoppel, and, also, because it was frivolous pursuant to the trial court's ruling in the other trial court case. To support this argument, appellee attached exhibits purporting to relate to the other trial court case. Thereafter, in granting the motion to dismiss, the trial court specifically referred to the court's prior proceedings in the other trial court case, including evidence introduced through the attached exhibits. Upon reviewing the record, there is no indication that the trial court intended to convert the motion to dismiss into a summary judgment motion.
 {¶ 16} As the trial court considered evidence outside the complaint and based its determination of the motion on such evidence, we vacate the trial court's decision. Appellant's second assignment of error is sustained. The matter is remanded for further proceedings consistent with this opinion.
 III. Appellee's Assignment of Error {¶ 17} "THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLEE'S MOTION FOR CIV.R. 11 SANCTIONS."
 {¶ 18} Appellee raises this one assignment of error in his brief. However, appellee never filed a notice of cross appeal. App. R. 3(C) provides:
 {¶ 19} "Cross appeal required. A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order *** shall file a notice of cross appeal within the time allowed by App. R. 4."
 {¶ 2O} In the present case, appellee's assignment of error was submitted along with his brief in response to appellant's brief, beyond the time limit for a cross-appeal, and without formal notice of a cross appeal. In appellee's assignment of error, he seeks to change the judgment of the trial court. We will not consider the appellee's assignment of error as it is not properly before this Court. See Kohler v. Kohler
(Aug. 14, 1996), 9th Dist. No. 96CA006313. Appellee's assignment of error is dismissed.
 IV. {¶ 21} The appellant's first assignment of error is overruled, while the second assignment of error is sustained. The appellee's assignment of error is dismissed. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.
SLABY, P.J. and BAIRD, J. CONCUR.