This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Edward P. and Nicole G. Hamrick, appeal from the decision of the Lorain County Court of Common Pleas, which dismissed the appellants' complaint on the basis of res judicata. We reverse and remand for further proceedings.
 I. {¶ 2} In 1999, Appellants purchased a new Dodge Ram truck from Sliman's Sales and Service, Inc. The truck had been manufactured by Appellee DaimlerChrysler. On April 30, 2000, Appellant Edward was driving the truck, towing a homemade trailer carrying a 1960 Corvair owned by Edward's mother, Mary Lu. The trailer broke loose from the truck, and the Corvair came off the trailer. Mary Lu brought an action against DaimlerChrysler in Elyria Municipal Court for damages to the Corvair, and the court entered judgment in her favor and against DaimlerChrysler in the amount of $2749.97.
 {¶ 3} On March 30, 1999, Appellants filed a complaint against DaimlerChrysler and Sliman's, alleging causes of action for breach of express and implied warranties, violations of the consumer sales practices act, and under theories of Ohio's lemon law and product liability. DaimlerChrysler filed a motion to dismiss, arguing that the action was barred by the doctrine of res judicata. The trial court granted the motion, and the case was dismissed. This appeal followed.
 II. Assignment of Error No. 1 "The trial court committed prejudicial error in granting Appellee's Motion to dismiss on the basis of `res judicata' ***."
 {¶ 4} In their first assignment of error, Appellants challenge the trial court's decision to grant DaimlerChrysler's motion to dismiss based upon res judicata. They argue that the trial court erred by failing to recognize that the Elyria Municipal Court lacked jurisdiction over all of Appellants' claims and by deciding an issue of res judicata in a motion to dismiss. They further assert that res judicata should not bar their action because Appellants were not parties to the prior proceeding in the municipal court. We agree that the trial court erred when it decided the issue of res judicata in a motion to dismiss.
 {¶ 5} We review a trial court's decision to grant a motion to dismiss de novo. Shockey v. Fouty (1995), 106 Ohio App.3d 420, 424. Appellee has argued that a trial court could have properly taken judicial notice of the prior case without converting DaimlerChrysler's motion to dismiss into a motion for summary judgment, and because the prior judgment was incorporated into the pleadings, it was not error for the trial court to rule on the issue of res judicata on a motion to dismiss.
 {¶ 6} Res judicata is an affirmative defense. Civ.R. 8(C). Civ.R.12(B) provides that every defense shall be asserted in a responsive pleading, with an exception:
 "the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1."
 {¶ 7} The defense of res judicata is not one of the defenses enumerated; therefore, the issue is not properly decided in a motion to dismiss. State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109;Shaper v. Tracy (1995), 73 Ohio St.3d 1211, 1212. See, also, Costoff v.Akron Med. Ctr., 9th Dist. No. 21212, 2003-Ohio-962, ¶ 14 ("[R]es judicata is an affirmative defense that cannot be raised in a Civ.R. 12(B)(6) motion to dismiss; rather, summary judgment is the preferred method by which to address this defense.").
 {¶ 8} Accordingly, the trial court erred when it granted DaimlerChrysler's motion to dismiss based upon res judicata. Appellants' first assignment of error is sustained solely to the extent that the trial court erred when it determined the issue of res judicata in a motion to dismiss. Having determined that the trial court erred in granting DaimlerChrysler's motion to dismiss, we decline to address the remaining arguments under the first assignment of error and take no position regarding the merits of those arguments.
 Assignment of Error No. 2 "The trial court committed prejudicial error in striking from the record and not considering a Defect Information Report / business record authored by the Appellee manufacturer that contained probative admissions against interest and that demonstrate and help establish that Appellee was being less than candid in discovery and that it had knowledge of more than only two other incidents of structural failure despite its agent's testimony in the Elyria Municipal Court to the contrary and thereafter dismissing the Appellants' case instead of granting them a judgment in their favor and against Appellee."
 {¶ 9} In their second assignment of error, Appellants assert that the trial court erred when it ordered a filing stricken from the record. Appellants filed a "Record Filing of Evidence of Defendant DaimlerChrysler Corporation's knowledge of product defects before issuance of recall notice." Attached to the filing was a letter, purportedly from Matthew Reynolds to Kenneth Weinstein, identified as the Associate Administrator of Safety Assurance for the National Highway Traffic Safety Administration. Attached to the letter was a report entitled "Defect Information Report for Daimler Chrysler Recall #872," containing details of a recall regarding trailer hitch brackets. DaimlerChrysler filed a motion to strike pursuant to Civ.R. 12(F), asserting that the filing was unsupported by the Ohio Rules of Civil Procedure and an improper proffer of evidence. The trial court granted the motion to strike.
 {¶ 10} Civ.R. 12(F) provides "Upon motion made by a party *** the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." The decision to strike such a filing is within the trial court's discretion. Akron v. Thrower (Apr. 4, 2001), 9th Dist. No. 20270, at 6. Thus, an appellate court will not reverse that decision unless it was unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 11} In support of their argument that the striking of this filing was improper, Appellants cite R.C. 2307.80 and State Farm Fire Cas. Co. v. Chrysler Corp. (1988), 37 Ohio St.3d 1, paragraphs three and four of the syllabus. R.C. 2307.80 addresses punitive or exemplary damages in product liability claims. R.C. 2307.80 does not address evidentiary issues nor motions to strike filings. The pertinent portion of the syllabus of State Farm Fire Cas. Co. states:
 "3. A product may be proven to be in a defective condition if it is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.
 "4. Where products fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, strict liability for a design defect is not proven absent proof of causation relating some aspect of the challenged design to the injury." State Farm Fire Cas. Co., paragraphs three and four of the syllabus.
 {¶ 12} Appellants do not provide any evidentiary rules or other case law in support of their argument that the trial court erred in striking their filing. Neither R.C. 2307.80, nor State Farm Fire Cas. Co. addresses this issue, and neither provides support for Appellants' argument that the trial court abused its discretion.
 {¶ 13} The appellants bear the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox (1996), 114 Ohio App.3d 41,60. "[I]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673, at 18. Appellants have not demonstrated that the trial court abused its discretion in striking the pleading. Accordingly, the second assignment of error is overruled.
 Assignment of Error No. 3 "The trial court committed prejudicial error in failing to grant Appellants' Motion for Summary Judgment and in dismissing the Appellants' claim."
 {¶ 14} In their final assignment of error, Appellants assert that the trial court erred by denying their motion for summary judgment. The trial court did not rule on the appellants' motion for summary judgment; instead, the court granted DaimlerChrysler's motion to dismiss. Appellant requests that this Court find error in the denial of its motion; however, it appears that the motion has not been considered by the trial court. We therefore decline to address this assignment of error. SeeFiorentino v. Lightning Rod Mut. Ins. Co. (1996), 114 Ohio App.3d 188,195.
 III. {¶ 15} The first assignment of error is sustained; the second assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings.
SLABY, P.J. and WHITMORE, J. CONCUR.