VYN–ALL CORPORATION, Appellee,

v.

WINDOW I, INC., Appellant.

[Cite as *Vyn–All Corp. v. Window I, Inc.* (1995), 105 Ohio App.3d 451.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 94–L–108.

Decided July 25, 1995.

*John L. Woodard* and *Christine M. Geers,* for appellee.

*Andrew J. Michaels,* for appellant.

---

FORD, Presiding Judge.

Appellant, Window I, Inc., was sued in Pennsylvania by appellee, Vyn–All Corporation, for failing to pay for certain materials it had procured from appellee. Appellant did not respond to the action, and the Pennsylvania court entered a default judgment against appellant in the amount of $5,398.46 on September 30, 1993.

Appellee sought to obtain enforcement of this judgment in Ohio pursuant to R.C. 2329.022. It filed a "Notice of Filing Foreign Judgment" on December 21, 1993. Attached to its filing was a document entitled "Notice of Judgment/Transcript," which stated, "I certify that this is a true and correct copy of the record of the proceedings containing the judgment." It was dated "10–2–93" and signed by Ernest J. D'Achille, District Judge. Also attached to appellee's filing notice was a letter dated December 9, 1993; the letter was written to appellee's counsel and noted:

"In reference to docket # 292–93 and # 526–93 District Justice Richard Zoller of District Court 05–4–02, acting in behalf of District Justice Ernest J D'Achille 05–2–06, held the hearings and made the judgment awards. I will attest to that.

"Sincerely

"Ernest J D'Achille

"/s/ Ernest J D'Achille

"District Justice 05–2–06"

Appellant, on January 21, 1994, filed a pleading entitled "Answer of Window I, Inc.; Request for Hearing, Request for Injunction, and Motion to Vacate Judgment under Ohio Civil Rule 60(B)(5)." The trial court denied the motion and entered judgment for appellee. Appellant timely perfected this appeal, presenting ten assignments of error. However, we did not reach the merits of appellant's arguments as the matter was not properly before the trial court.[1]

We now proceed with the merits.

Ohio's foreign judgment enforcement provision is contained in R.C. 2329.022, which provides:

"*A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas.* The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in the same manner as a judgment of a court of common pleas." (Emphasis added.)

Section 1738, Title 28, U.S.Code provides in relevant part:

"The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form."

These statutes are to be strictly construed. The failure of a party seeking enforcement of the foreign judgment to comply with the requirements listed in these statutes precludes that party from obtaining full faith and credit of the foreign judgment in an Ohio common pleas court, and the subsequently desired Ohio judgment and execution.

---

1. Initially, this court, on April 28, 1995, determined that the judgment entry from which this appeal was perfected was not a final appealable order. *Vyn–All Corp. v. Window I, Inc.* (Apr. 5, 1995), Lake App. No. 94–L–108, unreported. We remanded the matter pursuant to App.R. 4(C), for the trial court to correct this oversight. This, the trial court did by entry dated May 2, 1995.

In the instant action, the document which appellee claims constitutes the judgment entry of the foreign court is not of that character or substance. It is merely a notice that the judgment was entered against appellant. It is not an actual properly authenticated and certified copy of a final judgment entry executed by the judicial officer who heard the matter. This conclusion is further buttressed by the letter from District Justice Ernest J. D'Achille, which notes that the underlying action was heard by District Judge Richard Zoller and that he "made the judgment awards."

As the attachment was not a proper "copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code," the trial court should not have accorded it full faith and credit. R.C. 2329.022.

For the foregoing reasons, the judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NADER and MAHONEY, JJ., concur.

JOSEPH E. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.