JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This case is the latest in the "procedurally dysfunctional matrimonial litigation" between plaintiff-appellee, Beverly Grimm, nka Beverly Lampp, and defendant-appellant, Robert L. Grimm. Grimm v.Grimm (2005), 276 Conn. 377, 886 A.2d 391. Grimm is apparently making good on his threat to "drag out" any litigation and cause Lampp to spend over $100, 000 in attorney's fees if she attempted to end the parties' marriage.[1] For the reasons stated below, we affirm.
 {¶ 2} On January 16, 2003, the Connecticut Superior Court for the Judicial District of Danbury entered its judgment terminating the marriage between Lampp and Grimm. The judgment ordered Grimm to pay Lampp $100,000 in lump sum alimony within 90 days of the date of the judgment and $100,000 in attorney's fees within 60 days of the date of the judgment. The judgment also ordered Lampp to convey to Grimm her "right, title and interest" in a parcel of real property located in Highland Heights, Ohio.
 {¶ 3} In 2005, the Connecticut Supreme Court affirmed the trial court's 2003 judgment. Id. Despite the court's order, Grimm has not paid Lampp $200,000. In addition, for reasons known only to him, he has thwarted her attempts to quitclaim her interest in the Highland Heights property to him. *Page 4 
 {¶ 4} On January 10, 2007, Lampp filed the Connecticut trial court's 2003 judgment with the Cuyahoga County Court of Common Pleas pursuant to R.C. 2329.022, Ohio's foreign judgment enforcement provision.[2]
Subsequently, on February 12, 2007, the trial court entered a judgment lien against Grimm, with interest to run at the statutory rate from January 16, 2003, the date of the judgment.
 {¶ 5} Grimm filed a motion to dismiss, which the court denied for lack of service. Grimm then filed another motion to dismiss and a motion for modification. In both motions, Grimm asserted that, on June 19, 2006, the Danbury Connecticut Superior Court had issued an order which ordered him to pay Lampp lump sum alimony in the amount of $100,000 and $100,000 in attorney's fees by July 1, 2006, and ordered Lampp to convey her interest in the Highland Heights property to Grimm by July 1, 2006.
Grimm argued that this order modified the Superior Court's January 16, 2003 order, extending the time for payment of alimony and attorney's fees until July 1, 2006 and, therefore, the trial court should either dismiss the case or modify its order imposing statutory interest from January 16, 2003. Grimm also argued that counsel for Lampp knew about the June 19, 2006 order prior to filing the foreign *Page 5 
judgment in the common pleas court, but withheld that information from the trial court. Grimm attached a certified copy of the order to his motion for modification.
 {¶ 6} After a hearing, at which Grimm did not appear, the trial court denied Grimm's motions. Grimm then filed another motion for modification, which made the same claims as his first motion for modification.
 {¶ 7} After a hearing, at which Grimm again did not appear, the trial court denied Grimm's motion. Grimm now appeals from the trial court's judgment denying his second motion to modify. Grimm failed to appear at oral argument. The gist of Grimm's assignments of error (set forth in the appendix) is that the June 19, 2006 order by the Danbury Superior Court modified its January 13, 2003 judgment entry to allow payment of alimony and attorney's fees by Grimm to Lampp until July 1, 2006, and, therefore, the trial court erred in entering a judgment lien with interest from January 13, 2003.
 {¶ 8} In its entirety, the Superior Court's order of June 19, 2006 stated:
 {¶ 9} "Upon hearing with all necessary parties and/or counsel present on June 19, 2006, it is hereby ordered:
 {¶ 10} "1. The Defendant shall pay to the Plaintiff lump sum alimony in the amount of $100,000.00 by July 1, 2006.
 {¶ 11} "2. The Defendant shall pay to the Plaintiff the sum of $100,000.00 as a contribution to counsel fees by July 1, 2006. *Page 6 
 {¶ 12} "3. The Plaintiff shall convey to the Defendant all of her right, title and interest in and to the real property located at 510 Locklie Drive, Highland Heights, Ohio, subject to existing mortgages by July 1, 2006."
 {¶ 13} We find nothing in this order which indicates that the January 13, 2003 judgment-which was affirmed by the Connecticut Supreme Court-was no longer in effect. Likewise, there is nothing in the order which indicates that interest on the January 13, 2003 judgment was not accruing as of the date of the judgment.
 {¶ 14} Moreover, Grimm failed to provide the trial court with an exemplified copy of the 2006 order, as required by R.C. 2329.022. Although he provided a certified copy of the order, he did not include a certificate from a Connecticut trial court judge stating that the clerk's attestation was in proper form, as required by R.C. 2329.022 and28 U.S.C. § 1738. As held in Vyn-All Corp. v. Windo I, Inc. (1995), 105 Ohio App.3d 451, a party's failure to comply with R.C. 2329.022 prevents an Ohio court from giving full faith and credit to a foreign judgment. Therefore, despite Grimm's arguments to the contrary, the trial court did not err in not according the 2006 order full faith and credit.
 {¶ 15} Finally, Grimm's actions during the pendency of this case belie his argument that the January 16, 2003 judgment is not valid. The record demonstrates that on March 13, 2007, Grimm attempted in Case No. CV-618477 to domesticate in the Cuyahoga Common Pleas Court the Connecticut's Superior Court order of January 16, 2003-the same foreign judgment that Lampp domesticated in this case *Page 7 
on January 10, 2007. One day after he attempted to domesticate the January 16, 2003 judgment, Grimm filed his first motion to dismiss in this case, arguing that the January 16, 2003 judgment was not valid. Grimm cannot have it both ways.
 {¶ 16} Under R.C. 1343.03(B), "interest on a judgment * * * rendered in a civil action based on tortious conduct or a contract or other transaction * * * shall be computed from the date the judgment * * * is rendered to the date on which the money is paid * * *." Under R.C.2329.022, a properly domesticated foreign judgment "has the same effect and is subject to the same procedures * * * as a judgment of a court of common pleas and may be enforced or satisfied in the same manner as judgment of a court of common pleas." Because Lampp properly domesticated the 2003 judgment, it has the same effect as if the Cuyahoga County Court of Common Pleas entered the judgment on January 16, 2003. Therefore, under R.C. 1343.03(B), interest on the 2003 judgment began to accrue on January 16, 2003, the date of the judgment, at the statutory rate that was in effect on that date. Accordingly, the trial court did not err in denying Grimm's motion to modify the judgment lien against him.
 {¶ 17} Grimm's sixth assignment of error is overruled. In light of our resolution of the sixth assignment of error, Grimm's other assignments of error are rendered moot and we need not address them. See App. R. 12(A)(1)(c).
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR
 APPENDIX A APPELLANT'S ASSIGNMENTS OF ERROR
1. "The attorney for the plaintiff, Thomas Horwitz, erred in filing a judgment that was not at the time the current enforceable judgment order of the Connecticut court. The plaintiff's attorney erred in not filing the Juen 19, 2006 Connecticut modifying court order."
2. "The trial court erred in entering the January 16, 2003 jdugment without considering the June 19, 2006 Connecticut modifying court order."
3. "The attorney for the plaintiff, Thomas Horwitz, erred in filing a Request for filing a Certificate of Judgment Lien with the incorrect date statutory interest should begin."
4. "The clerk of trial court erred in issuing a Judgment Lien with interest from a date that was different than the date ordered by the Connecticut court order."
5. "The trial court erred in denying the defendant's May 9, 2007 Motion for Dismissal due to the incorrect filing and not considering the June 19, 2006 Connecticut modifying court order." *Page 9 
6. "The trial court erred in denying the defendant's May 31, 2007 Motion for Modification and not considering the June 19, 2006 Connecticut modifying court order."
[1] Notably, as of March 2004, Grimm had already spent over $1 million in attorney's fees in relation to the divorce proceedings. Grimm v.Grimm (2004), 82 Conn. App.41, 844 A.2d 855, 860., affirmed in part, reversed in part (2005), 276 Conn. 377, 886 A.2d 391.
[2] R.C. 2329.022 states: "A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in the same manner as a judgment of a court of common pleas." *Page 1