SCHWARTZ, APPELLANT, *v.* SCHWARTZ, APPELLEE.

(No. 8761—Decided May 2, 1960.)

*Messrs. Richter & Dewan,* for appellant.
*Mr. Herbert T. Schwartz,* for appellee.

O'CONNELL, J. The facts in this case are that the defendant, Herbert T. Schwartz, and Dora Zaslavsky were married about 1926 in New York City; that later on they agreed upon a divorce; that in New York state adultery is the only ground of divorce; that about 1934 they therefore arranged for, and staged a fraudulent act of adultery, at which the said defendant, Herbert T. Schwartz, was not even present. The defendant, in his deposition, elaborates on this situation as follows:

"Q. Well, what arrangements did you make with Dora on your return from Ann Arbor? A. Well, we agreed to separate and get that divorce and do it that way.

"Q. And what was said to you at the time, in general, about it? A. Well, just that we agreed to frame up this adultery.

"Q. And do you recall what specific arrangements, if any, were made with respect to the evidence on which a divorce would be based? A. Well, it was just that one of these fraudulent adultery scenes in which the brother of my wife was to catch us in the act, so to speak.

"Q. Were you actually present at this scene? A. No, no.

"Q. Do you know what went on there of your own knowledge? A. Just what I have been told. There was a woman whom I don't know. I suspect I might have known who she was, some girl that I knew in Greenwich Village."

The facts disclose further that the divorce decree was granted in 1935; that the plaintiff and the defendant were married in State College, Pennsylvania, in 1935; that the plaintiff and defendant lived together as man and wife until the summer of 1957; that their four children are now living with the plaintiff.

The petition of the plaintiff alleges that at the time of her marriage to the defendant "there was a prior existing undissolved marriage between the defendant and a third party" and the plaintiff prays "that her marriage to the defendant be declared null and void for this reason." The defendant in his answer "admits the allegations in the petition contained."

It is the claim of the plaintiff and the defendant that their marriage was null and void for the reason that the previous marriage to Dora Zaslavsky was undissolved. This they maintain for the reason that the previous divorce was obtained by fraud and deceit.

The trial court held that "under the full faith and credit clause of the United States Constitution it must give full faith and credit to the divorce decree in the Supreme Court of New York County, New York, in which a decree of divorce was awarded to Dora Zaslavsky Schwartz against the defendant, Herbert T. Schwartz, on August 10, 1935, and that the prayer of the plaintiff's petition for that reason should be denied."

The case is in this court on an appeal from the judgment of the trial court. The question to be determined then is whether under Section 1, Article IV of the Constitution of the United States (full faith and credit clause), a court can render a judgment contrary to the judgment rendered in a sister state.

Now, as it is said in 30A American Jurisprudence, 304, Section 237, "a valid judgment of a sister state is entitled to full faith and credit under the federal Constitution and statutes." Thus, in *Anderson* v. *Anderson*, 8 Ohio, 108, it is said in the syllabus that "to a suit upon a judgment rendered in law, in Virginia, the plea that it was obtained by fraud, is not available, but the judgment can only directly be impeached in chancery." However, "the requirement of full faith and credit is to be read and interpreted in the light of well-established principles of justice, protected by other constitutional provisions which it was never intended to modify or override." 31 Ohio Jurisprudence, 306, Section 237.

So, in the 11th paragraph of the syllabus in *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.*, 225 U. S., 111, it is said that "the full faith and credit clause is to be construed in the light of other provisions of the Constitution, none of which it was intended to modify or override." And there were similar holdings in *Old Wayne Mutual Life Assn. of Indianapolis* v. *McDonough*, 204 U. S., 8; and *Stewart* v. *Eaton*, 287 Mich., 466.

Moreover, it has been said (30A American Jurisprudence, 315, Section 248) that "no state may obtain in another jurisdiction full faith and credit for a judgment rendered in a proceeding wanting in due process of law enjoined by the fundamental law"; that "due process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere acquired without due process"; and that "if the requirements of due process are not met, a judgment in rem

[such as a judgment affecting status] is not entitled to full faith and credit in another state."

Thus, it was held in *Simmons* v. *Simmons*, 19 F. (2d), 690 (paragraph four of the headnotes), that "marriage in District of Columbia, contracted after divorce of one of parties fraudulently obtained in the state of Virginia, will not be sustained on any principle of full faith and credit to be accorded the Virginia decree."

And in paragraph four of the syllabus in *Stephens* v. *Thomasson*, 63 Ariz., 187, this is the language: "In action on judgment of court of another state, defendant may impeach judgment on allegations of fraud in procuring it."

So, in paragraph two of the syllabus in *Howland* v. *Stitzer*, 231 N. C., 528, we find that: "The judgment of another state may be collaterally attacked here only on the grounds of (1) lack of jurisdiction, (2) fraud in procurement, (3) being against public policy. Constitution of United States, Art. IV, Sec. 1."

See, also, *Durden* v. *Durden*, 184 Ga., 421.

However, it was said in paragraph three of the syllabus in *Perkins* v. *Benguet Consolidated Mining Co.*, 55 Cal. App. (2d), 720, that: "the rule that it may be shown that the judgment of another state * * * is in excess of jurisdiction or is affected by fraud, is subject to the limitation that if the court of the state which rendered the judgment has expressly litigated the jurisdictional questions or the matter of fraud, that determination becomes *res judicata* on those points and is itself protected by the full faith and credit clause. The jurisdictional and fraud questions cannot be relitigated in another state."

Also, in 30A American Jurisprudence, 317, Section 250, the author deals with fraud as it affected the "full faith and credit" clause. According to this section, the "full faith and credit" clause was not intended to be a cover-all for fraud. Thus, in *Larrick* v. *Walters*, 39 Ohio App., 363, it was said (paragraph six of the syllabus) that the " 'full faith and credit' clause and rule of comity of states were not intended to aid in perpetuation of fraud or wrong."

Moreover, there are cases in which judgment rendered in a sister state has not been recognized because of fraud, although in *Louisville & Nashville Rd. Co.* v. *Jones' Admr.*, 215 Ky., 774

(paragraph five of the syllabus), there was a qualification as follows: "A foreign judgment may be impeached for fraud only where fraud could be urged against it in courts of state where rendered." However, a fraudulent divorce would be set aside on the court's own motion in the state of New York. This is apparent from the headnote in *McIntyre* v. *McIntyre*, 30 N. Y. Supp., 200, as follows: "Where it appears that the parties in an action for divorce, for the purpose of getting married, entered into a conspiracy to procure false evidence, on which defendant obtained a divorce from a former husband, the court, on its own motion, will set aside the decree of divorce in the former suit * * *."

Here, it should be pointed out that the older cases held that, in case of fraud, relief could be obtained only by a direct attack on the judgment in the court of origin. 32 L. R. A. (N. S.), 933.

As stated in 30A American Jurisprudence, 317, Section 250, these cases (wherein sister-state judgment is not recognized because of fraud), however, arise out of situations "where the fraud goes to the jurisdiction of the court, or constitutes a fraud upon the law of the forum * * *." It is also stated that "the judgment of a sister state may be attacked upon the ground of procurement."

It is therefore evident that the divorce obtained by the defendant in the state of New York was procured through fraud and that the law quite generally holds that the "full faith and credit" clause does not apply in such cases. The judgment of the court in which such divorce decree was obtained can, therefore, be attacked collaterally, as it has been so attacked in the case before this court.

It is, therefore, the opinion of this court that since the divorce decree in New York state was obtained through fraud it is a nullity, and that the plaintiff and defendant in the instant case were unable to contract a marriage because the previous marriage had not been dissolved.

The only question remaining is whether annulment is the proper remedy in this case. Certainly, the existence of a pre-existing and undissolved marriage is one of the grounds for divorce in Ohio, and the plaintiff could have obtained a divorce

decree on this basis. However, a suit to annul the marriage between the parties is both logical and in accordance with law.

Headnotes three and four in *Nyhuis* v. *Pierce*, 65 Ohio Law Abs., 73 (Eighth Appellate District of Ohio), are as follows:

"(3) A court of equity will entertain a suit for annulment.

"(4) Attempted marriages by parties already in lawful wedlock are absolutely void."

And in paragraph three of the syllabus in *Smith* v. *Smith*, 72 Ohio App., 203, it is held that: "When a marriage ceremony is performed that is void because one of the parties is married to another at the time, either party may maintain an action for a decree declaring such ceremony a nullity.

See, also, *Wightman* v. *Wightman*, 4 Johnson's Chancery Reports (N. Y.), 343.

The judgment of the trial court denying the prayer of the plaintiff's petition for an annulment is, therefore, reversed, and judgment granting an annulment is hereby entered in this court.

*Judgment reversed.*

MATTHEWS, P. J., and LONG, J., concur.