## McHenry
## v.
## Industrial Commission
*[Cite as 4 AOA 112]*

*Case No. 431*
*Meigs County, (4th)*
*Decided June 15, 1990*

*Mr. William K. Shaw, Portsmouth, Ohio, for Appellant.*

*Porter, Wright, Morris & Arthur, Mr. Brian D. Hall, Columbus, Ohio, for Appellee, Southern Ohio Coal Company.*

HARSHA, J.

This is an appeal from a judgment entered by the Meigs Country Court of Common Pleas granting the motion of defendant-appellee Southern Ohio Coal Company to dismiss the appeal of Michael D. McHenry, plaintiff-appellant, from a decision of the Industrial Commission of Ohio denying his request to reactivate a prior claim for workers' compensation benefits.

Appellant assigns the following errors:

"I. The trial court erred in dismissing Claimant-Appellant's appeal as the issue to be tried was an issue "other than a decision as to the extent of disability" and therefore properly appealable to the Court of Common Pleas under Ohio Revised Code Sec. 4123.519.

"II. The trial court erred in granting a Motion to Dismiss where the Motion was based upon facts outside the Pleadings and which were genuine issues of fact under Rule 56 of the Ohio Rules of Civil Procedure."

The pleadings, affidavits, and exhibits of the case at bar reveal the following pertinent facts. In 1963, during appellant's childhood, had an operation performed on his left hip which required placement of a surgical pin. On or about June 21, 1979, while employed for appellee Southern Ohio Coal Company, appellee sustained an injury to his left hip. Shortly thereafter, appellant filed a claim for workers' compensation benefits, with this claim being designated as claim number 685926-22. This claim was allowed for "contusion left hip" and appellant received temporary total disability benefits until he returned to work on or about July 17, 1979. Appellant continued to work until May 8, 1980, when he again injured himself at the work site by falling on his left hip. Following appellant's injury of May 8, 1980, appellant filed a second claim for benefits, said claim being designated as claim number 781946-22. The Industrial Commission found appellant's second claim to be a " reoccurrence of that condition" in claim number 685926-22 and construed appellant's C-50 claim as a C-85-A application to reactivate claim number 685926-22.

On October 21, 1980, appellant had surgery performed on his hip and he returned to work on January 6, 1981. Appellant then worked for appellee Southern Ohio Coal Company unitl July 3, 1981 and did not work thereafter. In October of 1981, appellant reinjured his hip by falling down steps when he was neither employed nor on the work premises. On February 12, 1982, appellant filed a C-85-A application to reactivate claim number 685926-22. Appellant's C-85-A application requested compensation for medical services rendered, authorization for further medical services, and authorization for further compensation benefits, i.e. temporary total disability benefits from October 23, 1981 through February 4, 198 2. On April 20, 1983, a district hearing officer denied appellant's application to reactivate claim number 685926-22 on the basis that appellant's "current condition is not related to the accident of 6-21-79." The district hearing officer's decision stated that it was "based on the reports of Dr. Koppenhoefer and Dr. Soto." Dr. Koppenhoefer'

s April 3, 1982 medical report provided, in pertinent part, ad follows:

"The alleged incident in October, 1981 could probably again re-aggrevate the existing osteoarthritis secondary to slipped femoral capital epiphysis. Therefore, it is my opinion that the recent pain is probably a result of the contusion which occurred from the trauma in 1981 instead of the trauma from June 21, 1979."

On July 3, 1983, the Columbus Regional Board of Review affirmed the April 20, 1983 decision of the district hearing officer. On February 8, 198 5, the Industrial Commission affirmed the decision of the Columbus Regional Board of Review "for the reason that it is supported by proof of record and is not contrary to law." On April 18, 1985, appellant filed a notice of appeal from the Industrial Commission's decision, and on May 17, 1985, appellant filed a complaint in the Meigs County Court of Common Pleas. Appellant's complaint averred that the court below had jurisdiction concerning his appeal pursuant to R.C. 4123.519 and further demanded that he be found entitled to participate in the worker's compensation fund under claim number 685926-22 for his June 21, 1979 injury. Appellees filed answers to appellant's complaint denying appellant's entitlement to further workers' compensation benefits.

On October 10, 1986, appellee Southern Ohio Coal Company filed a motion to dismiss the appeal for lack of subject matter jurisdiction pursuant to Civ. R. 12(B)(1). On August 25, 198 9, the court below granted the motion and dismissed the appeal, determining that the appeal pertained to appellant's extent of disability rather than his right to participate in the workers' compensation fund.

Appellant's first assignment of error asserts that the trial court erred in dismissing his appeal from the decision of the Industrial Commission since the issue to be tried was an issue "other than decision as to the extent of disability" and was therefore properly appealable to the Meigs County Court of Common Pleas. R.C. 4123.519 provides that the claimant or the employer may appeal a decision of the Industrial Commission " in any injury or occupational disease case, *other than a decision as to the extent of disability.*" (E mphasis added.)

If the Industrial Commission's decision is one going to the claimant's extent of disability, neither the claimant nor the employer may appeal; however, if the Industrial Commission's

decision is one going to the claimant's right to participate in the workers' compensation fund, then it is appealable. *Cook v. Mayfield* (1989), 45 Ohio St. 3d 200, 201. The decision of the Industrial Commission as to "extent of disability" presupposes that the claimant has been allowed the "right to participate in the workers' compensation fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. *State, ex rel. Kroger, v. Stover* ( 1987), 31 Ohio St. 3d 229.

Appellant initially argues that the April 20, 1983 decision of the district hearing officer which was affirmed by both the Columbus Regional B oard of Review and the Industrial Commission was phrased in causation language and therefore involved appellant's right to participate in the fund rather than the extent of his disability. However, merely uttering the incantation "causal relationship" upon the grant or denial of any claim for benefits subsequent to the original award should not be used to circumvent the operation of R.C. 4123.519. *Hospitality Motor Inns v. Gillespie* (1981), 66 Ohio St. 2d 206, 212. Accordingly, appellant's argument in this regard is without merit.

Appellant's main contention in his first assignment of error is that this case is controlled by the holding of the Ohio Supreme Court in *Gilbert v. Midland Ross Corporation* (1981), 67 Ohio St. 2d 267. In *Gilbert*, the Supreme Court of Ohio held, at paragraph two of the syllabus, that "[a] decision to reactivate a previously allowed claim now dormant, when there has been an intervening trauma, is, in effect, a decision going to the claimant's right to participate in the fund for an injury or impairment not previously claimed or passed upon and is appealable." The Supreme Court in *Cook, supra* at 205, described the *Gilbert* decision as follows:

"Our decision in *Gilbert, supra,* also focused on the causal relationship between injury and disability. There, a claimant, an employee of Midland-Ross Corporation, suffered an industrial accident in 1975 for which he was awarded temporary total disability benefits. During claimant's disability, Midland-Ross sold the plant at which claimant worked to Midland Steel Products. Eleven days after returning to work at Midland Steel Products, the claimant was again injured. The claimant filed both a new claim against Midland Steel Products for the later injury as well as an application to reactivate the earlier claim against Midland-Ross. The Industrial Commission refused an appeal from the re-

gional board's denial of the claim against Midland Steel Products but ordered reactivation of the earlier claim. On appeal, this court decided that the commission's decision was appealable because it " * * * determined a causal relationship between an injury and the claimant's disability and that it was therefore a decision other than as to the extent of disability." *Gilbert, supra,* at 270, 21 O.O. 3d at 170, 423 N.E.2d at 849."

In *Gilbert,* we emphasized that the claimant's right to participate for the original accident essentially had ceased when he returned to work. His request for compensation for the second injury after he returned to work in effect "* * * began a new period of disability and therefore a renewed right to participate. This is not the same as merely extending an existing period of disability. It is the temporal separateness of the periods of disability, coupled with the intervening trauma, which makes this case different from those in which an additional award of benefits was held to implicate only the extent of disability. *Id.* at 271-272, 21 O.O.2d at 171, 423 N.E. 2d at 850.

Appellant herein, much like the claimant in *Gilbert,* arguably had two separate periods of disability, i.e. those periods following appellant's two work injuries of July 21, 1979 and May 8, 1980. However, unlike the claimant in *Gilbert,* appellant returned to work after both of these injuries and, accordingly, did not begin a new period of disability tantamount to a renewed right to participate in the workers' compensation fund. Moreover, the intervening trauma in *Gilbert* was suffered at work, whereas here, i.e. the intervening injury occurred in October 1981 when appellant fell down steps, several months following appellant's last day of work with appellee Southern Ohio Coal Company. A decision of the Industrial Commission to grant or deny additional compensation for a previously allowed claim, when there is no intervening trauma occurring at work, but merely an aggravation of a previously existing condition occurring away from work, is a decision which goes to the claimant's extent of disability and is not appealable. *State, ex rel. Roope, v. Indus. Comm.* (1982), 2 Ohio St. 3d 97. Consequently, the holding in *Gilbert* is inapposite to the case at bar.

If appellee were merely requesting additional compensation for a previously allowed condition, the commission's decision on this request would be as to the extent of disability; however, if appellee requested compensation for a new injury which would trigger a new period of disability,

this, as in *Gilbert,* would be appealable because it would determine appellee's right to participate in the fund. *Cook, supra* at 205-206; See also *State, ex rel. Bosch, v. Indus. Comm.* (1982), 1 Ohio St. 3d 94. In the case at bar, the record manifestly shows that appellee was merely requesting additional compensation for a previously allowed condition in that his February 12, 1982 C-85-A application to reactivate his original June 21, 1979 claim requested "authorization for further compensation benefits" pursuant to his original claim rather than asserting any new claim. Indeed, appellant's counsel effectively concedes this in his appellate brief by stating "that the Appellant's absence from work after July 3, 1981, was not precipitated by an intervening injury but was due to his complaints of hip pain *which were directly attributable to his work related injuries of June 21, 1979, and May 8, 1980"* and that the Industrial Commission denied appellant's *"claim for additional benefits."* (Emphasis added.) Accordingly, in that the decision of the Industrial Commission denied appellant's request for additional benefits, the decision addressed the extent of his disability and was thus not appealable pursuant to R.C. 4123.519.[1] Appellant's first assignment of error is overruled.

Appellant's second assignment of error asserts that the trial court erred in granting appellee Southern Ohio Coal Company's Civ. R. 12(B)(1) motion to dismiss appellant's appeal for lack of subject matter jurisdiction where the motion was based upon facts outside the pleadings and which were genuine issues of material fact under Civ. R. 56.

Appellant contends that the lower court improperly considered matters outside the averments of his complaint, i.e. affidavits and attached exhibits, in ruling on appellant's Civ. R. 12(B)(1) motion to dismiss for lack of subjects matter jurisdiction. The standard to apply for a dismissal pursuant to Civ. R. 12(B)(1), lack of jurisdiction over the subject matter, is whether the plaintiff has alleged any cause of action which the court has authority to decide. *Avco Financial Services Loan, Inc. v. Hale* (1987), 36 Ohio App. 3d 65; *Steffen v. General Telephone Co.* (1978), 60 Ohio App. 2d 144. However, in determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ. R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. *Southgate Development Corp., v.*

*Columbia Gas Transmission Corp.* (1976), 48
Ohio St. 2d 211, paragraph one of the syllabus;
*Pacific Chem. Products Co. v. Teletronics Servic-
es, Inc.* (1985), 29 Ohio App. 3d 45, 47.

In the case at bar, for the reasons stated in our
disposition of appellant's first assignment of
error, the affidavits and exhibits indicated that
appellant had not alleged any cause of action
cognizable by the court of common pleas. R.C. 4
123.519. Moreover, appellant arguably waived
any error in this regard by failing to object below
and, further, by filing his own affidavit and
exhibits of the lower court's Civ. R. (12)(B)(1)
determination. See, e.g., *Williams v. Jerry L.
Kaltenbach Ent., Inc.* (1981), 2 Ohio App. 3d 113.
Accordingly, the lower court did not err in grant-
ing appellant's Civ. R. 12(B)(1) motion to dismiss.
For the foregoing reasons, appellant's second
assignment or error is overruled, and the judg-
ment of the lower court is affirmed.

*Judgment affirmed.*

ABELE, J., concurs in judgment and opinion.
GREY, J., dissents with attached dissenting opin-
ion.

---

[1] In *Cook, supra* at syllabus, the Ohio Supreme Court held
that in decisions involving intervening incidents, district
hearing officers, regional boards of review and the Industrial
Commission must clearly and fully state the exact nature of
the intervening incident, including whether it was work
related and whether there was a causal nexus between the
intervening trauma and the claimed disability. In *Cook,* a
remand was ordered because the record on appeal was
unclear as to the exact nature of the intervening cause.
Conversely, in the case at bar, as appellee Southern Ohio
Coal Company notes, a remand is not required since the
record herein discloses that it is uncontroverted that
appellant's October 1981 injury occurred following his last
day of work. However, in light of *Cook,* it would appear that
future agency decisions regarding intervening incidents in
workers' compensation cases should preferably contain the
information specified by the Ohio Supreme Court.

GREY, J., dissenting.
I respectfully dissent. The issue in this case is
one of the so-called flow through injury claims,
which sometimes are compensible claims. As
such, the complaint here facially creates an issue
which cannot be resolved by a Civ. R. 12 (B)
motion. At best, this case is susceptible to a

motion for summary judgment supported by
adequate documentation. It is clearly not a Civ.
R. 12 (B) case.

I would reverse and remand for further pro-
ceedings, and thus I dissent.