OPINION
{¶ 1} Defendant-Appellant Virgie L. Freeman ("Virgie") appeals from the May 30, 2008 Judgment Entry of the Court of Common Pleas of Seneca County, Ohio granting Plaintiff-Appellee John J. Freeman's ("John") motion for summary judgment and the May 30, 2008 Judgment Entry and Foreclosure Decree of the Court of Common Pleas of Seneca County, Ohio.
 {¶ 2} John and Virgie were previously married and resided together at 6913 County Road 34 in Green Springs, Seneca County, Ohio. On January 24, 2005 the Circuit Court for the County of Kalamazoo, State of Michigan issued a Default Judgment of Divorce wherein the circuit court ordered, in relevant part, that "Defendant [Virgie] shall receive the marital residence located at 6913 Co. Road 34, Green Springs, Ohio. . ." Additionally, the circuit court ordered as follows: *Page 3 
 Defendant will pay to Plaintiff [John] $50,000.00 which shall accrue interest at 7% per year effective the date of the Judgment of Divorce. This debt shall be paid in full no later than April 1, 2005, or sooner if the home is sold or ceases to be Defendant's principal residence. Plaintiff shall receive a lien on the property for $50,000.00, to secure the repayment of this account.
 {¶ 3} On September 9, 2005 John filed a notice of filing of foreign judgment in the Seneca County Court of Common Pleas pursuant to Ohio Revised Code section 2329.022 and an affidavit in support of domestication of judgment.[1] This case was assigned CaseNo. 05-CV-0452.
 {¶ 4} On November 23, 2005 John filed a motion to enforce foreign judgment wherein John alleged that no part of the January 24, 2005 final judgment rendered by the Circuit Court for the County of Kalamazoo, Michigan recovered against Virgie has been paid or delivered to John. On January 30, 2006 the Seneca County Court of Common Pleas conducted a hearing on John's motion to enforce foreign judgment. On this same date, the trial court issued a Judgment Entry wherein the court ordered that John was to remove his personal property (as listed on an attached exhibit) on February 4, 2006 from the residence at 6913 County Rd. 34, Green Springs, Ohio. Additionally, the court ordered that it would "re-schedule a hearing on the remaining issues of (1) payment of $50,000 *Page 4 
judgment by defendant to plaintiff and (2) the recoupment of attorney fees in the filing of this enforcement action by plaintiff."
 {¶ 5} On February 27, 2006 John filed a motion for order to show cause based upon Virgie's failure to obey the court's January 30, 2006 order by refusing to provide John with all of his personal property. On March 2, 2006 the trial court issued an Order to Show Cause, ordering Virgie to appear on March 31, 2006 to show cause why she should not be found in contempt of the court's January 30, 2006 order. At the hearing on March 31, 2006 the trial court found Virgie in contempt of court for failing to provide John with his property as previously ordered on January 30, 2006. The court sentenced Virgie to five days in the Seneca County Jail and a fine of $1,000. However, the court suspended the sentence on the condition that Virgie turn over all remaining personal property items to John within 10 days and that Virgie pay the court costs associated with this action. (See March 31, 2006 Judgment Entry).
 {¶ 6} On March 31, 2006 the trial court also conducted a hearing on John's motion to enforce foreign judgment. Both John and Virgie were present and represented by counsel. At the close of evidence and testimony, the trial court granted judgment in favor of John and against Virgie in the amount of $50,000 with interest at 7% per annum from January 24, 2005. (See March 31, 2006 Judgment Entry). No appeal was taken from this Judgment Entry. On May *Page 5 
31, 2006 the clerk of courts prepared a Certificate of Judgment on the final judgment rendered in favor of John on his complaint against Virgie in the amount of $50,000 plus interest at 7% per annum from January 24, 2005 plus court costs.
 {¶ 7} On August 16, 2006 the trial court issued a Judgment Entry/Order to Stay Proceedings following notice to the court that Virgie had filed a Chapter 7 Bankruptcy Petition in the Northern District of Ohio on July 25, 2006. On December 13, 2006 Virgie was granted a Chapter 7 discharge of her debts by the United States Bankruptcy Court, Northern District of Ohio.
 {¶ 8} On March 26, 2007 John filed a complaint to foreclose on judgment lien on real estate in the Seneca County Court of Common Pleas wherein he asserted that he had a valid judgment lien on the property to be foreclosed. This case was assigned Case No. 07-CV-0155. John subsequently amended his complaint on April 20, 2007 and August 23, 2007. On May 7, 2007 Virgie filed an answer and counterclaim to John's amended complaint wherein she asserted that that the judgment issued by the Michigan court was not a valid lien on the property and that the foreign judgment was not properly authenticated in accordance with R.C. 2329.022. On September 10, 2007 Virgie filed an answer and counterclaim to John's second amended complaint and on September 24, 2007 John filed an answer to Virgie's counterclaim. *Page 6 
 {¶ 9} On November 8, 2007 John filed a motion for summary judgment. On November 26, 2007 Virgie filed a response and objection to John's motion for summary judgment. On December 7, 2007 John filed a reply to Virgie's response and objection. On December 21, 2007 Virgie filed a second reply brief.
 {¶ 10} On May 30, 2008 the trial court issued two judgment entries. In the first entry (captioned "Judgment Entry"), the court ordered that John was entitled to summary judgment "as there are no genuine issues of material fact to be litigated on the issue of plaintiff's judgment lien." In the second entry (captioned "Judgment Entry/Foreclosure Decree"), the court ordered that the "the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free of the interests of all parties herein, and an order of sale shall issue to the Sheriff of this County, directing him to appraise, advertise and sell said real estate. . ." The trial court also ordered, in relevant part, that upon confirmation of the sale the Sheriff shall pay "[t]o the Plaintiff, the sum of $50,000, with interest at the rate of 7% per annum from January 24, 2005, plus costs."
 {¶ 11} Virgie now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE COURT IN ITS ORDER FILED ON MAY 30, 2008 AT 4:12 O'CLOCK P.M. AND ON MAY 30, 2008 AT 4:13 O'CLOCK P.M. GRANTED JUDGMENT TO PLAINTIFF/APPELLEE BASED ON A CERTIFICATE OF *Page 7 JUDGMENT UNLAWFULLY GRANTED ON A MICHIGAN JUDGMENT WHICH WAS NOT A JUDGMENT OF A COURT OF GENERAL JURISDICTION WITHIN THIS STATE NOR A JUDGMENT ENTITLED TO FULL FAITH AND CREDIT IN THIS STATE AND IS (SIC) THEREFORE EACH JUDGMENT IS A VOID JUDGMENT. A COPY OF SAID JUDGMENTS ARE FOUND IN THE APPENDIX MARKED "EXHIBIT A AND EXHIBIT B."
 {¶ 12} In her sole assignment of error, Virgie alleges that the trial court erred by granting summary judgment in favor of John and erred by entering a decree of foreclosure because of the invalidity of a previous judgment lien.
 {¶ 13} An appellate court reviews a grant of summary judgment independently, without any deference to the trial court.Conley-Slowinski v. Superior Spinning Stamping Co. (1998),128 Ohio App.3d 360, 363, 714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. Hasenfratz v. Warnement 3rd
Dist. No. 1-06-03, 2006-Ohio-2797 citing Lorain Nat'l. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 572 N.E.2d 198. A grant of summary judgment will be affirmed only when the requirements of Civ. R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. *Page 8 
Civ. R. 56(C); see Horton v. Harwich Chem. Corp. (1995),73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
 {¶ 14} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996),75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ. R. 56(E). In ruling on a summary judgment motion, a court is not permitted to weigh evidence or choose among reasonable inferences, rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the non-moving party. Jacobs v. Racevskis (1995),105 Ohio App.3d 1, 7, 663 N.E.2d 653.
 {¶ 15} On appeal, Virgie argues that the trial court erred in granting summary judgment in favor of John because the judgment entered into by the Michigan Circuit Court was unlawfully filed with the Seneca County Clerk of Court. Specifically, Virgie argues that the Michigan judgment was not entitled to *Page 9 
full faith and credit in Ohio because the judgment was not properly authenticated. Therefore, Virgie alleges that John does not have a valid lien on the property located at 6913 County Road 34 in Green Springs, Ohio.
 {¶ 16} In contrast, John argues that Virgie's argument in the present appeal does not relate to the trial court's granting of summary judgment and instead, solely relates to the purported invalidity of the Michigan judgment which was previously validated by the trial court in Case No. 05-CV-0452. Additionally, John alleges that the trial court properly held that Virgie could not attack the foreclosure action contained in Case No. 07-CV-0155 with the same allegations she raised and that were decided against her by the trial court in Case No. 05-CV-0452.
 {¶ 17} Ohio's foreign judgment enforcement provision is set forth in R.C. 2329.022, which provides as follows:
 A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in the same manner as a judgment of a court of common pleas.
 {¶ 18} Section 1738, Title 28, U.S. Code provides, in relevant part, as follows: *Page 10 
 The records and judicial proceedings of any court of any State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
 {¶ 19} The failure of a party seeking enforcement of the foreign judgment to comply with the requirements listed in these statutes precludes that party from obtaining full faith and credit of the foreign judgment in an Ohio common pleas court, and the subsequently desired Ohio judgment and execution. Vyn-All Corp. v. Window I, Inc. (1995),105 Ohio App.3d 451, 453, 664 N.E.2d 563; see also Grimm v. Grimm, 8th Dist. No. 90269, 2008-Ohio-324. However, it has also been held that a failure to preserve error regarding the proper authentication of a foreign judgment waives the matter for purposes of appeal. In re Guardianship of Replogle (2005), 164 Ohio App.3d 54, 59,841 N.E.2d 330 citing Rose v. U.S. Vend (Jan. 14, 1993), Cuyahoga App. No. 612626, 1993 WL 7931, unreported.
 {¶ 20} In the present case, it appears that the judgment of the Michigan Circuit Court was not properly authenticated. Although the record reflects that John provided the Seneca County Court of Common Pleas with a certified copy of the Michigan judgment, he failed to attach a judge's certification stating that the clerk's attestation was in proper form as required by R.C. 2329.022 and section 1738 of Title 28 of the U.S. Code. However, even assuming, arguendo, that John *Page 11 
failed to properly authenticate the Michigan judgment, our review of the record reveals that Virgie failed to raise any timely challenge to the authentication of the Michigan judgment via either a Civ. R. 60(B) motion for relief from judgment or an appeal from the March 31, 2006 Judgment Entry contained in Case No. 05CV0452.
 {¶ 21} We note that the Supreme Court of Ohio has held that "[a]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382,653 N.E.2d 266 citing Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69,494 N.E.2d 1387. The Supreme Court of Ohio also held that "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it."Id.
 {¶ 22} In its May 30, 2008 Judgment Entry granting John's motion for summary judgment, the trial court addressed the issue of res judicata and specifically found as follows:
 In Case Number 05CV0452 this Court granted judgment in favor of John J. Freeman, Sr. (plaintiff herein) and against Virgie L. Freeman (defendant herein) in the amount of $50,000 plus interest on March 31, 2006. . . .This judgment of March 31, 2006 was not appealed by defendant Virgie L. Freeman . . . Defendant Virgie Freeman cannot in this case now attempt to collaterally attack that judgment based upon a lack of subject matter jurisdiction. Defendant Virgie Freeman did *Page 12 attack the Michigan original judgment in case no. 05CV0452. The issue is now res judicata. The matter of proper registration of the Michigan judgment has been previously decided by this court.
 {¶ 23} Our review of the record clearly reveals that the issue of registration of the Michigan judgment was previously decided by the trial court at the hearing held on March 31, 2006 on John's motion to enforce foreign judgment. In its March 31, 2006 Judgment Entry (in Case No. 05-CV-0462), the trial court specifically granted judgment in favor of John and against Virgie in the amount of $50,000 plus interest (as ordered by the Michigan court in its January 24, 2005 Decree of Divorce). Subsequently, on May 31, 2006 a Certificate of Judgment was filed. As previously stated, Virgie did not appeal the trial court's March 31, 2006 Judgment Entry. Additionally, we note that this judgment was not otherwise modified, vacated, set aside, or stayed by the trial court.
 {¶ 24} Accordingly, as the matter of the registration of the Michigan judgment had been previously decided by the court in Case No. 05CV0452 and Virgie failed to file an appeal from the judgment entered in that case, we find that there were no genuine issues of material fact set forth in the present case that would have precluded the trial court from granting summary judgment in favor of John and against Virgie. As such, we find that the trial court did not err in granting summary judgment in favor of John. Therefore, Virgie's sole assignment of error is overruled. *Page 13 
 {¶ 25} Accordingly, the May 30, 2008 Judgment Entries of the Seneca County Court of Common Pleas granting summary judgment in favor of John and issuing a decree of foreclosure are affirmed.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur.
[1] On September 9, 2005 John also filed a praecipe in the Seneca County Court of Common Pleas, requesting that the clerk of the court serve Virgie the notice of filing of foreign judgment by personal service. *Page 1