DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment by the Lawrence County Court of Common Pleas adopting a magistrate's decision granting summary judgment in favor of Appellee, Corky Salyer, thereby permitting Appellee to foreclose on property owned by Appellant, Nikki Eplion, in satisfaction of a foreign judgment obtained by Appellee in Kentucky. Appellant also appeals the trial court's dismissal of her counterclaims. Appellant contends that the *Page 2 
trial court erred (1) in granting Appellee's motion for summary judgment where the movant failed to cite any evidence to support his motion; (2) in denying her motion to dismiss where there was no evidence offered by Appellee that the alleged foreign judgment had been properly certified to the trial court; and (3) in dismissing her counterclaims where there was no evidence in the record to support the allegations contained in Appellee's motion to dismiss.
 {¶ 2} In light of Appellant's contention below, and on appeal, that a certificate of judgment or judgment lien was never obtained by Appellee, and because the record before us does not contain a certificate of judgment evidencing a judgment lien, we conclude that a genuine issue of material fact exists with regard to the lien's existence, which should have precluded a grant of summary judgment. Further, because we conclude that one of Appellant's counterclaims was improperly dismissed, we reverse and remand this matter to the trial court for further findings consistent with this opinion.
 FACTS {¶ 3} Appellant, Nikki Eplion, is a former professional boxer and Appellee, Corky Salyer, was Appellant's trainer. Appellee obtained a judgment in the amount of $35,420.00 plus interest at a rate of 12% against *Page 3 
Appellant by virtue of an agreed judgment entered in the Greenup Circuit Court, Commonwealth of Kentucky, on May 6, 2005. This judgment placed Appellee in the position of a general judgment creditor as to Appellant and placed Appellant in the position of a judgment debtor as to Appellee. Thereafter, Appellee filed a complaint in foreclosure on September 26, 2006, seeking to foreclose on residential property located in Lawrence County, Ohio, owned by Appellant and her husband, Daniel Bryant, pursuant to the foreign judgment obtained against Appellant.[2]
 {¶ 4} The complaint in foreclosure filed by Appellee contained only one exhibit, marked as exhibit A, which was a copy of a Kentucky agreed judgment entry in the amount of $35,420.00 plus 12% interest that had been certified by the Greenup County Circuit Court Clerk on November 5, 2005. The complaint alleged that the attached Kentucky judgment entry had been filed as a foreign judgment in the Lawrence County Court of Common Pleas on November 29, 2005, under case number FJ 05-15. Despite the reference to this filing, there are no documents attached to the complaint which would evidence the fact that the foreign judgment was filed or domesticated in an Ohio court. The complaint further alleged that the foreign judgment filed on November 29, 2005, was a valid lien against Appellant's real estate; *Page 4 
however, Appellee failed to allege in his complaint that he had obtained a certificate of judgment in the Lawrence County court as a result of the filing of the foreign judgment. Although Appellant later claimed and currently claims on appeal that a judgment was obtained against Appellee in the Lawrence County Court of Common Pleas on January 11, 2006, and that a judgment lien was filed that same day with the Lawrence County Clerk of Courts in Judgment Docket 28, P. 256, Appellant did not make that filing a part of the record and, as such, there is no evidence in the record before us, aside from Appellee's assertions, which evidence such a filing or the existence of a judgment lien.
 {¶ 5} In response to Appellee's complaint in foreclosure, Appellant filed an answer and counterclaim on November 21, 2006. In her answer, Appellant admitted she had paid Appellee $3,625.00 but essentially denied all other claims alleged by Appellee. Appellant also set forth several affirmative defenses to Appellee's claims, including accord and satisfaction and failure to state a claim upon which relief could be granted. Appellant further claimed that the documents relied upon by Appellee to evidence Appellant's debt to him were obtained by Appellee while Appellant was under duress, that Appellee had released Appellant from the obligation and waived his right to pursue the same, and that the amounts alleged to be owed *Page 5 
by Appellant to Appellee were the result of fraud or illegality at the hands of the Appellee.
 {¶ 6} Additionally, Appellant set forth three counterclaims, including (1) tortious interference; (2) extortion; and (3) fraud. In her claim for tortious interference, Appellant essentially claimed that Appellee had caused Appellant's ability to engage in boxing engagements to be substantially hampered, thereby causing economic harm. In her claim for extortion, Appellant claimed that in April of 2005, Appellee maliciously threatened to cause interruption to a boxing match scheduled for May of 2005 which Appellant was bound to attend. Appellant claimed that Appellee coerced her into executing documents, presumably the agreed entry, under threat of interference with her match and that Appellee received monies from Appellant as a result of the threats, thereby causing financial damage to Appellant. Finally, Appellant's claim for fraud alleges that in the course of coercing her signature, Appellee intentionally and maliciously misled her as to the nature of the documents and indicated to her that the documents did not require any monies to be paid from Appellant to Appellee, insisting that if the documents were not signed, Appellee would undermine the scheduled boxing match in May. *Page 6 
 {¶ 7} On December 5, 2006, Appellee filed an answer generally denying Appellant's counterclaims and also filed a motion to dismiss alleging that Appellant's counterclaims were intentional torts barred by the statute of limitations and that Appellant had failed to state a claim upon which relief could be granted. Later, on January 9, 2006, Appellee filed a memorandum in support of his motion to dismiss. In his memorandum, Appellee argued (1) that all three of Appellant's counterclaims dealt with issues that were previously litigated in Kentucky; (2) that the trial court lacked jurisdiction to hear any claim other than the foreclosure action; and (3) that Appellant was attempting to attack a Kentucky judgment in an Ohio court, an attack which must take place in Kentucky. Subsequently, on January 19, 2007, the trial court granted Appellee's motion to dismiss Appellant's counterclaims, stating that Appellant "seeks to collaterally attach [sic] a sister state's judgment. Such should have occurred in Kentucky."
 {¶ 8} It appears from the record that the parties subsequently entered into an agreed judgment on July 31, 2007, wherein Appellant agreed to pay Appellee $30,000.00 in two separate installments in satisfaction of Appellee's claims. However, when Appellant failed to make the payments as scheduled, Appellee filed a motion to rescind the prior agreed judgment, *Page 7 
which was granted by the trial court on October 17, 2007. Thereafter, on December 12, 2007, Appellee filed a motion for summary judgment seeking an order of foreclosure, primarily alleging that "there is no dispute that the Plaintiff has a judgment lien against the Defendant's real estate located in Lawrence County, and that he has not been paid the judgment in part or in full since the judgment lien was filed in January, 2006." Although Appellee's motion was supported by his own affidavit, Appellee did not attach a copy of the Kentucky judgment showing it had been filed in Ohio, and did not attach a copy of an Ohio certificate of judgment supporting his assertion that there was a valid lien on Appellant's property.
 {¶ 9} Appellant filed a responsive motion opposing Appellee's motion for summary judgment on February 4, 2008, alleging the existence of genuine issues of material fact. Appellant's memorandum argued that Appellee erroneously claimed that there was no dispute that Appellee possessed a judgment lien against her real estate, and specifically disputed the existence of the lien. On February 21, 2008, a decision issued by the magistrate granted Appellee's motion for summary judgment. In response, Appellant filed objections to the magistrate's decision on February 28, 2008, indicating that once a transcript was obtained, a memorandum would follow. *Page 8 
 {¶ 10} Thereafter, Appellant filed a motion to dismiss Appellee's complaint, asserting that Appellee did not possess a specific lien enforceable against Appellant's home. Appellant's memorandum in support of her motion to dismiss argued that the complaint failed to support the existence of a lien and also contended that no such lien exists. While Appellant conceded that Appellee did hold a judgment against her, Appellant argued that "the judgment is not, in and of itself, a lien upon" her home. Appellant further argued that "[s]imply registering a foreign judgment with the clerk of courts does not cause the judgment to become a lien on a debtor's real property."
 {¶ 11} On May 5, 2008, the trial court ultimately granted summary judgment in favor of Appellee, thereby ordering foreclosure of Appellant's interest in the subject real estate, and dismissed Appellant's motion to dismiss. In the judgment entry granting Appellee's motion for summary judgment, the trial court found that the foreign judgment from Kentucky had "been properly certified and placed as a judgment lien on said real estate in Lawrence County, Ohio." It is from this judgment entry that Appellant filed her timely appeal, assigning the following errors for our review. *Page 9 
 ASSIGNMENTS OF ERROR
"I. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE THE MOVANT FAILED TO CITE ANY EVIDENCE TO SUPPORT HIS MOTION.
II. THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF'S [SIC] MOTION TO DISMISS WHERE THERE WAS NO EVIDENCE OFFERED BY THE APPELLEE THAT THE ALLEGED FOREIGN JUDGMENT HAD BEEN PROPERLY CERTIFIED TO THE TRIAL COURT.
III. THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COUNTERCLAIMS WHERE THERE WAS NO EVIDENCE IN THE RECORD TO SUPPORT THE ALLEGATION CONTAINED IN THE APPELLEE'S MOTION."
 ASSIGNMENTS OF ERROR I AND II. {¶ 12} Because there is a question as to the existence of a valid judgment lien and because that question is central to our disposition of Appellant's first and second assignments of error, we will address them in conjunction with one another. In her first assignment of error, Appellant contends that the trial court erred in granting Appellee's motion for summary judgment where the movant failed to cite any evidence to support his motion. In her second assignment of error, Appellant contends that the trial court erred in denying her motion to dismiss where there was no evidence offered by Appellee that the alleged foreign judgment had been properly certified to the trial court. Specifically, Appellant argues that a judgment in and of itself does not result in a lien and that Appellant failed to *Page 10 
comply with the requirements of R.C. 2329.021 et seq., which codifies Ohio's adoption of the Uniform Enforcement of Foreign Judgments Act ("UEFJA").
 {¶ 13} Summary judgment is appropriate when the following factors have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. See Bostic v.Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 375 N.E.2d 46;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411, 599 N.E.2d 786. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead at 411-412. See, also, Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806,809, 619 N.E.2d 10.
 {¶ 14} Appellee filed a complaint in foreclosure based upon a judgment obtained in Kentucky, which he alleged had been filed in the Lawrence County Common Pleas Court. Appellee did not attach a copy of *Page 11 
the Kentucky judgment that he alleged had been filed in the Ohio court, nor did he reference or attach a copy of a certificate of judgment obtained as a result of the filed foreign judgment. Instead, Appellee simply attached a time-stamped copy of the agreed judgment entry that had been filed in a Kentucky court.
 {¶ 15} While Appellant concedes that Appellee obtained a judgment against her, she disputes the existence of a lien on her property located in Lawrence County, Ohio, which would allow Appellee to foreclose on the judgment. This argument underlies Appellant's opposition to Appellee's motion for summary judgment and motion to dismiss below, as well as Appellant's current appeal. We agree with Appellant's argument that a judgment, in and of itself, does not automatically constitute a valid lien on real property owned by a judgment debtor. Rather, there are certain steps that a general judgment creditor must take in order to foreclose a general judgment on real property owned by a judgment debtor.
 {¶ 16} As explained by the Third District Court of Appeals inFreeman v. Freeman, Seneca App. No. 13-08-20, 2008-Ohio-6073:
 "Ohio's foreign judgment enforcement provision is set forth in R.C. 2329.022, which provides as follows: *Page 12 
 `A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948)[3], may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in the same manner as a judgment of a court of common pleas.'" (Emphasis added).
 {¶ 17} Thus, once authenticated or domesticated, a foreign judgment will be recognized by an Ohio court; however, it is still subject to the same requirements of an Ohio judgment with respect to satisfaction and enforcement. R.C. 2329.022. Accordingly, R.C. 2329.02 becomes pertinent to our analysis. R.C. 2329.02 provides that:
 "Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment * * *. No such judgment or decree shall be a lien upon any lands * * * until a certificate under the hand and official seal of the clerk of the court in which the same is entered or of record * * * or a certified copy of such judgment, stating such facts, is filed and noted in the office of the county recorder of the county in which the land is situated, and a memorial of the same is entered upon the register of the last certificate of title to the land to be affected." (Emphasis added). *Page 13 
 {¶ 18} As such, even if the Kentucky judgment at issue was filed in the Lawrence County Court of Common Pleas, as alleged by Appellee, the mere filing of that judgment did not automatically create a judgment lien capable of being foreclosed upon. Rather, Appellee would have been required to obtain an Ohio certificate of judgment pursuant to his domesticated foreign judgment before his judgment would constitute a valid judgment lien capable of being foreclosed upon. See First AmericanBank of Ashland v. Stonehenge Computer, Inc. (May 25, 1990), Lawrence App. No. 1905, 1990 WL 71918; Trimax Holdings, Inc. v. Larson (June 30, 1998), Franklin App. No. 97APE10-1355, 1998 WL 353873; Appel v.Berger, 149 Ohio App.3d 486, 2002-Ohio-4853, 778 NE.2d 59; Freeman v.Freeman, supra (all dealing with registering and enforcement of foreign judgments under R.C. 2923.021 et seq. with additional reference to existence or filing of a certificate of judgment).
 {¶ 19} While Appellee may have obtained a certificate of judgment, thereby reducing his judgment to a valid lien on any and all property owned by Appellant in Lawrence County, Ohio, Appellee has not made that certificate a part of the record and we cannot assume the existence of the lien, especially over the objection of Appellant. Thus, because a genuine issue of material fact exists regarding the existence of a valid lien on *Page 14 
Appellant's property, Appellee was not entitled to judgment as a matter of law. As such, the trial court's grant of summary judgment in Appellee's favor was in error and must be reversed.
 {¶ 20} Conversely, we affirm the trial court's denial of Appellant's motion to dismiss, which was also based upon Appellant's argument that Appellee did not possess a valid judgment lien. Because it presents a question of law, we review a trial court's decision regarding a motion to dismiss independently and without deference to the trial court's determination. See Roll v. Edwards, 156 Ohio App.3d 227, 235,2004-Ohio-767, 805 N.E.2d 162; Noe v. Smith (2000), 143 Ohio App.3d 215,218, 757 N.E.2d 1164. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378. A trial court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus; see, also,Greeley v. Miami Valley Maintenance Contractors, Inc. (1990),49 Ohio St.3d 228, 551 N.E.2d 981. *Page 15 
 {¶ 21} Furthermore, when considering a Civ. R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. Sprouse v. Miller (Aug. 22, 2007), Lawrence App. No. 06CA37, 2007-Ohio-4397 at ¶ 5; see, also, JNSEnterprises, Inc. v. Sturgell (Jun. 15, 2005), Ross App. No. 05CA2814,2005-Ohio-3200.
 {¶ 22} As set forth above, in his complaint in foreclosure, Appellee alleged that he possessed a valid lien against real property owned by Appellant and attached a copy of a Kentucky agreed judgment entry demonstrating a judgment in his favor as against Appellant. Accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party, as we are required to do when reviewing the grant or denial of a motion to dismiss, we conclude that the trial court did not err in denying Appellant's motion to dismiss Appellee's complaint. Accordingly, we overrule Appellant's second assignment of error and affirm the trial court's denial of Appellant's motion to dismiss.
 ASSIGNMENT OF ERROR III. {¶ 23} In her third assignment of error, Appellant contends that the trial court erred in dismissing her counterclaims where there was no evidence in the record to support the allegations contained in Appellee's *Page 16 
motion to dismiss. In her brief, Appellant argues that the trial court set forth three reasons for its decision to dismiss her counterclaims, stating that the trial court reasoned that (1) the counterclaims did not relate to the foreclosure action; (2) the matters raised by the counterclaims had been litigated in Kentucky; and (3) Appellant was attempting to attack a sister state's judgment. However, our review of the trial court's entry dismissing Appellant's counterclaims does not support Appellant's assertions. Rather, the trial court, in its entry, simply granted Appellee's motion to dismiss, stating that Appellant "seeks to collaterally attach [sic] a sister state's judgment. Such should have occurred in Kentucky." Thus, the trial court appears to have dismissed Appellant's counterclaims based upon lack of jurisdiction only. Accordingly, we will not address Appellant's arguments to the extent they relate to other alleged reasons for the trial court's dismissal of her counterclaims.
 {¶ 24} The standard to apply when reviewing a dismissal pursuant to Civ. R. 12(B)(1), lack of subject matter jurisdiction, is whether the plaintiff has alleged any cause of action which the court has authority to decide. McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56, 62,587 N.E.2d 414; see, also, Avco Financial Services Loan, Inc. v. Hale
(1987), 36 Ohio App.3d 65, 520 N.E.2d 1378. This is generally a question of law which we *Page 17 
review independently of the trial court's decision. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ. R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. Southgate Dev. Corp. v. Columbia Gas TransmissionCorp. (1976), 48 Ohio St.2d 211, 358 N.E.2d 526, paragraph one of the syllabus; McHenry, supra. at 62.
 {¶ 25} Further, and as explained by the Tenth District Court of Appeals in Trimax Holdings, supra:
 "`A judgment of a sister state's court is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction to render the judgment under the sister state's internal law, and under that law the judgment is void * * * however, such collateral attack is precluded in Ohio if the defendant submitted to the jurisdiction of the sister state's court by an appearance precluding collateral attack in such state.' Litsinger Sign Co. v. American Sign Co. (1967), 11 Ohio St.2d 1, 227 N.E.2d 609, paragraph one of the syllabus. Thus, under the full faith and credit clause, collateral attack on a sister state's judgment is precluded if the sister state had jurisdiction over the person of defendant and the subject-matter. Litsinger Sign Co., supra, at 17, 227 N.E.2d 609; Discount Bridal Services, Inc. v. Kovacs (Apr. 16, 1998), Cuyahoga App. No. 72409, unreported (1998 Ohio App. Lexis 1613), citing Speyer v. Continental Sports Cars, Inc. (1986), 34 Ohio App.3d 272, 518 N.E.2d 39."
As further explained by the Trimax court: "[o]nly foreign judgments which are void are subject to collateral attack in Ohio. * * * Instead, if the foreign judgment is merely voidable, relief must be sought in the foreign state." Internal citations omitted. *Page 18 
 {¶ 26} Here, Appellant does not contend the Kentucky court rendering judgment lacked subject matter jurisdiction or personal jurisdiction over her so as to render the Kentucky judgment void. In fact, the evidence before us suggests that Appellant submitted herself to the jurisdiction of the Kentucky court by appearing in the action involving the judgment and entering into an agreed judgment. Of importance also is the fact that the record is devoid of any evidence suggesting that Appellant has attempted to challenge the judgment in the Kentucky court in which it was issued. There is no evidence that Appellant has requested a stay of that judgment or has filed motions with that court challenging the validity of the judgment. Instead, Appellant simply asserts new claims in an Ohio court attacking the Kentucky judgment, arguing that she signed the agreed judgment under duress, while being extorted, and only after Appellee defrauded her into signing them. Although "some authority suggests that a foreign judgment procured through fraudulent evidence is subject to collateral attack," Appellant merely argues that Appellee committed fraud as to her, and does not contend that the judgment in the Kentucky court was obtained through fraudulent evidence produced for the court. Trimax Holdings, supra; see, also Schwartz v. Schwartz (1960), 113 Ohio App. 275, 173 N.E.2d 393. *Page 19 
 {¶ 27} Because Appellant's counterclaims for fraud and extortion relate to the validity of the agreed judgment filed in a Kentucky court, they are essentially a collateral attack on a sister state's judgment, as reasoned by the trial court. Further, because these claims do not render the judgment void, and because Appellant does not assert that the Kentucky court lacked jurisdiction over that matter, the trial court lacked jurisdiction to consider these claims and properly reasoned that they must be brought in Kentucky. Accordingly, we find no error in the trial court's dismissal of these counterclaims.
 {¶ 28} However, this does not end our inquiry. Appellant also brought a counterclaim for tortious interference. This counterclaim alleged that Appellant was a resident of Lawrence County, Ohio, that she had received offers to engage in boxing events, and that Appellee had "substantially hampered" her ability to engage in boxing matches, thereby causing Appellant economic harm. Appellant further alleged that she believed Appellee's malicious actions would continue into the future without a restraining order from the court. Unlike Appellant's claims for extortion and fraud, this claim is not a collateral attack on the previously rendered foreign judgment. Rather, it is a present claim, unrelated to the judgment, that Appellant claims is continuing in nature and will require court intervention *Page 20 
in the form of a restraining order. Thus, the trial court did not lack jurisdiction to consider this claim and improperly dismissed it.
 {¶ 29} Accordingly, we conclude that the trial court did not err in dismissing Appellant's counterclaims for extortion and fraud. However, we conclude that the trial court erred in dismissing Appellant's counterclaim for tortious interference. Accordingly, we reverse the trial court's dismissal of that claim and remand this matter for further proceedings.
JUDGMENT REVERSED AND THE CAUSE REMANDED. *Page 21 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., Harsha, J., and McFarland, J.: Concur in Judgment and Opinion.
[2] In addition to naming Appellant herein, Nikki Eplion, and her husband, Daniel Bryant, Appellee also named Huntingtonized Federal Credit Union and Stephen Burcham, Lawrence County Treasurer, as defendants in the foreclosure action.
[3] As set forth in Freeman, "Section 1738, Title 28, U.S. Code provides, in relevant part, as follows: The records and judicial proceedings of any court of any State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form." Although the copy of the Kentucky judgment that is in the record does not contain a certificate from the judge of the Kentucky court, Appellant has not raised that argument on appeal and it has been held "that a failure to preserve error regarding the proper authentication of a foreign judgment waives the matter for purposes of appeal. In re Guardianship of Replogle (2005), 164 Ohio App.3d 54, 59,841 N.E.2d 330 citing Rose v. U.S. Vend (Jan. 14, 1993), Cuyahoga App. No. 612626, 1993 WL 7931, unreported." *Page 1